# EXHIBIT A

Filing # 154271175 E-Filed 07/28/2022 03:35:27 PM          CACE-22-011055

**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FL**

**CASE NO.: CACE-22-011055**

ANNETTE SYSEL,

        Plaintiff,

    vs.

SPECTRUM BRANDS, INC., SPECTRUM
BRANDS HOLDINGS, INC, and TARGET
CORPORATION,

        Defendants.

_____/

Date: _8/1/22_

Time: _11am_

Initials: CMC- CPS#101

**SUMMONS**

THE STATE OF FLORIDA:

To all and singular sheriffs of said state:

    YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint
or Petition in the above-styled cause upon the Defendant:

**Spectrum Brands, Inc.**
**Attn: Corporation Service Company**
**1201 Hays Street**
**Tallahassee, FL. 32301**

    Each Defendant is hereby required to serve written defenses to said Complaint or Petition
on **Steven E. Nauman, Esquire, Morgan & Morgan, P.A., 20 North Orange Avenue, Suite 1600,
Orlando, Florida 32801, Telephone: (407) 420-1414,** within twenty (20) days after service of this
Summons upon you, exclusive of the day of service, and to file the original of said written defenses with the
Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If you fail to do so,
a default will be entered against you for the relief demanded in the Complaint or Petition.

1

## REQUESTS FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Court Administration, **425    N.   ORANGE AVENUE,    SUITE  350, ORLANDO, FL 32801,  (407) 836-2000**, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

WITNESS my  hand  and  the  seal  of  this  Court  on  this    the  _____  day  of _____, 2022.

JUL 29 2022

Clerk of the Circuit Court

By_____
            As Deputy Clerk

**BRENDA D. FORMAN**

2

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named above.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los numbres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted inviar por correo o entregar una copia de su respuesta a la persona denuminada abajo como "Plaintiff/Plaintiff's Attorney." (Demandate o Abogado del Demanadante).

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger' vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du

3

Tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

**MORGAN & MORGAN, P.A.**
**20 NORTH ORANGE AVENUE, SUITE 1600**
**ORLANDO, FLORIDA 32801**

4

Filing # 154198975 E-Filed 07/27/2022 05:18:13 PM

**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

ANNETTE SYSEL,

      Plaintiff,

Case No.: _____

v.

SPECTRUM BRANDS, INC., SPECTRUM
BRANDS HOLDINGS, INC, and TARGET
CORPORATION,

      Defendants.

---

## COMPLAINT

    **COMES NOW** Plaintiff, ANNETTE SYSEL, to sue Defendants, SPECTRUM

BRANDS, INC., SPECTRUM BRANDS HOLDINGS, INC, and TARGET CORPORATION,

for the causes of action stated herein. In support thereof, Plaintiff states:

### THE PARTIES, JURISDICTION & VENUE

    1.    Plaintiff is a Florida citizen and resident.

    2.    Defendant Spectrum Brands, Inc. is a foreign corporation.

    3.    Defendant Spectrum Brands, Inc. is registered with and authorized by the Florida

Department of State to do business in Florida.

    4.    Defendant Spectrum Brands, Inc. may be served with process by serving its

registered agent: Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

    5.    Defendant Spectrum Brands Holdings, Inc. is a foreign corporation.

    6.    Defendant Spectrum Brands Holdings, Inc. is not registered with or authorized by

the Florida Department of State to do business in Florida.

7.      Defendant Spectrum Brands Holdings, Inc. may be served with process by serving its registered agent: Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

8.      Defendant Target Corporation is a foreign corporation.

9.      Defendant Target Corporation is registered with and authorized by the Florida Department of State to do business in Florida.

10.      Defendant Target Corporation may be served with process by serving its registered agent: CT Corporation System, 1200 S. Pine Island Road, Plantation, FL 33324.

11.      This is an action to recover damages in excess of $30,000, exclusive of fees, costs, and interest.

12.      This Court is authorized to exercise personal jurisdiction over Defendant Spectrum Brands, Inc. pursuant to the Florida Long-Arm Statute, Fla. Stat. §§ 48.193(1)(a)(1), (1)(a)(2), and (1)(a)(6), because the claims stated herein arise out of Defendant Spectrum Brands, Inc.:

    a.      Operating, conducting, engaging in, or carrying on a business or business venture in Florida or having an office or agency in Florida;

    b.      Committing a tortious act within Florida; or

    c.      Causing injury to persons or property within Florida arising out of an act or omission committed outside Florida where, at or about the time of the injury, either (i) Defendant Spectrum Brands, Inc. was engaged in solicitation or service activities within Florida, or (ii) products, materials, or things processed, serviced, or manufactured by Defendant Spectrum Brands, Inc. anywhere were used or consumed in Florida in the ordinary course of commerce, trade, or use.

13.      This Court is authorized to exercise personal jurisdiction over Defendant Spectrum Brands, Inc. pursuant to the Florida Long-Arm Statute, Fla. Stat. § 48.193(2), because

Defendant Spectrum Brands, Inc.is engaged in substantial and not isolated activity within Florida.

14.     This Court is authorized to exercise personal jurisdiction over Defendant Spectrum Brands Holdings, Inc. pursuant to the Florida Long-Arm Statute, Fla. Stat. §§ 48.193(1)(a)(1), (1)(a)(2), and (1)(a)(6), because the claims stated herein arise out of Defendant Spectrum Brands Holdings, Inc.:

   a.   Operating, conducting, engaging in, or carrying on a business or business venture in Florida or having an office or agency in Florida;

   b.   Committing a tortious act within Florida; or

   c.   Causing injury to persons or property within Florida arising out of an act or omission committed outside Florida where, at or about the time of the injury, either (i) Defendant Spectrum Brands Holdings, Inc. was engaged in solicitation or service activities within Florida, or (ii) products, materials, or things processed, serviced, or manufactured by Defendant Spectrum Brands Holdings, Inc. anywhere were used or consumed in Florida in the ordinary course of commerce, trade, or use.

15.     This Court is authorized to exercise personal jurisdiction over Defendant Spectrum Brands Holdings, Inc. pursuant to the Florida Long-Arm Statute, Fla. Stat. § 48.193(2), because Defendant Spectrum Brands Holdings, Inc. is engaged in substantial and not isolated activity within Florida.

16.     This Court is authorized to exercise personal jurisdiction over Defendant Target Corporation pursuant to the Florida Long-Arm Statute, Fla. Stat. §§ 48.193(1)(a)(1), (1)(a)(2), and (1)(a)(6), because the claims stated herein arise out of Defendant Target Corporation:

   a.   Operating, conducting, engaging in, or carrying on a business or business venture in Florida or having an office or agency in Florida;

   b.   Committing a tortious act within Florida; or

c.  Causing injury to persons or property within Florida arising out of an act or omission committed outside Florida where, at or about the time of the injury, either (i) Defendant Target Corporation was engaged in solicitation or service activities within Florida, or (ii) products, materials, or things processed, serviced, or manufactured by Defendant Target Corporation anywhere were used or consumed in Florida in the ordinary course of commerce, trade, or use.

17.  This Court is authorized to exercise personal jurisdiction over Defendant Target Corporation pursuant to the Florida Long-Arm Statute, Fla. Stat. § 48.193(2), because Defendant Target Corporation is engaged in substantial and not isolated activity within Florida.

18.  Venue is proper in this Court because (i) all Defendants are foreign corporations and (ii) all Defendants have agents and representatives in Broward County, Florida.

## FACTS

19.  Defendants Spectrum Brands, Inc. and Spectrum Brands Holdings, Inc. (collectively, "Spectrum Brands") are in the business of and derive substantial revenue from designing, manufacturing, producing, importing, distributing, and selling a wide range of consumer goods and appliances, including clothing irons.

20.  Defendant Target Corporation ("Target") is in the business of and derives substantial revenue from selling a wide range of consumer goods and appliances, including clothing irons.

21.  On or about May 12, 2015, Plaintiff purchased a "Black+Decker" model ICR05X clothing iron (the "subject iron") from Target.

22.  Spectrum is responsible for the subject iron's design, manufacture, production, importation, distribution, and sale.

23.  On or about August 8, 2018, Plaintiff used the subject iron to iron clothing.

24.  After Plaintiff finished ironing, Plaintiff unplugged the subject iron.

25.     Suddenly, and without Plaintiff pressing the subject iron's cord retractor button, the subject iron's cord rapidly and violently retracted into the subject iron's housing. As the cord retracted uncontrollably, the cord struck Plaintiff's eye.

26.     Plaintiff was injured as a result.

## CONDITIONS PRECEDENT

27.     All conditions precedent have been satisfied or excused.

## COUNT I—STRICT LIABILITY
### (Against Defendant Spectrum Brands, Inc.)

28.     Plaintiff re-alleges and incorporates paragraphs 1 through 27 of this Complaint as if fully stated herein.

29.     Defendant Spectrum Brands, Inc. is responsible for the subject iron's design, manufacture, importation, distribution, and sale.

30.     The subject iron is defective in its design, manufacture, and/or warning.

31.     The subject iron's defective condition rendered the subject iron unreasonably dangerous for its designed, intended, and foreseeable uses.

32.     The subject iron's defective and unreasonably dangerous condition actually and proximately caused injury and damage to Plaintiff.

**WHEREFORE**, Plaintiff Annette Sysel demands judgment against Defendant Spectrum Brands, Inc. for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT II—NEGLIGENCE
### (Against Defendant Spectrum Brands, Inc.)

33.     Plaintiff re-alleges and incorporates paragraphs 1 through 27 of this Complaint as if fully stated herein.

34.     Defendant Spectrum Brands, Inc. is responsible for the subject iron's design, manufacture, importation, distribution, and sale.

35.     The subject iron is defective in its design, manufacture, and/or warning.

36.     Defendant Spectrum Brands, Inc. owed a duty to properly design, manufacture, import, distribute, and sell the subject iron so that it was in a safe condition and without defect.

37.     Defendant Spectrum Brands, Inc. owed a duty to adequately test, inspect, and assure the quality of the subject iron before placing the subject iron into the stream of commerce.

38.     Defendant Spectrum Brands, Inc. owed a duty to provide adequate warnings, instructions, and information with the subject iron.

39.     Defendant Spectrum Brands, Inc. breached the above duties.

40.     Defendant Spectrum Brands, Inc.'s breaches of the above duties actually and proximately caused injury and damage to Plaintiff.

**WHEREFORE**, Plaintiff Annette Sysel demands judgment against Defendant Spectrum Brands, Inc. for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT III—STRICT LIABILITY
### (Against Defendant Spectrum Brands Holdings, Inc.)

41.     Plaintiff re-alleges and incorporates paragraphs 1 through 27 of this Complaint as if fully stated herein.

42.     Defendant Spectrum Brands Holdings, Inc. is responsible for the subject iron's design, manufacture, importation, distribution, and sale.

43.     The subject iron is defective in its design, manufacture, and/or warning.

44.     The subject iron's defective condition rendered the subject iron unreasonably dangerous for its designed, intended, and foreseeable uses.

45.     The subject iron's defective and unreasonably dangerous condition actually and proximately caused injury and damage to Plaintiff.

**WHEREFORE**, Plaintiff Annette Sysel demands judgment against Defendant Spectrum Brands Holdings, Inc. for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT IV—NEGLIGENCE
### (Against Defendant Spectrum Brands Holdings, Inc.)

46.     Plaintiff re-alleges and incorporates paragraphs 1 through 27 of this Complaint as if fully stated herein.

47.     Defendant Spectrum Brands Holdings, Inc. is responsible for the subject iron's design, manufacture, importation, distribution, and sale.

48.     The subject iron is defective in its design, manufacture, and/or warning.

49.     Defendant Spectrum Brands Holdings, Inc. owed a duty to properly design, manufacture, import, distribute, and sell the subject iron so that it was in a safe condition and without defect.

50.     Defendant Spectrum Brands Holdings, Inc. owed a duty to adequately test, inspect, and assure the quality of the subject iron before placing the subject iron into the stream of commerce.

51.     Defendant Spectrum Brands Holdings, Inc. owed a duty to provide adequate warnings, instructions, and information with the subject iron.

52.     Defendant Spectrum Brands Holdings, Inc. breached the above duties.

53.     Defendant Spectrum Brands Holdings, Inc.'s breaches of the above duties actually and proximately caused injury and damage to Plaintiff.

**WHEREFORE**, Plaintiff Annette Sysel demands judgment against Defendant Spectrum Brands Holdings, Inc. for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

### COUNT V—STRICT LIABILITY
**(Against Defendant Target Corporation)**

54.     Plaintiff re-alleges and incorporates paragraphs 1 through 27 of this Complaint as if fully stated herein.

55.     Target sold the subject iron to Plaintiff.

56.     The subject iron is defective in its design, manufacture, and/or warning.

57.     The subject iron's defective condition rendered the subject iron unreasonably dangerous for its designed, intended, and foreseeable uses.

58.     The subject iron's defective and unreasonably dangerous condition actually and proximately caused injury and damage to Plaintiff.

**WHEREFORE**, Plaintiff Annette Sysel demands judgment against Defendant Target Corporation for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT VI—NEGLIGENCE
### (Against Defendant Target Corporation)

59.     Plaintiff re-alleges and incorporates paragraphs 1 through 27 of this Complaint as if fully stated herein.

60.     Target sold the subject iron to Plaintiff.

61.     The subject iron is defective in its design, manufacture, and/or warning.

62.     Target owed a duty to sell the subject iron in a condition that was safe and not defective.

63.     Target owed a duty to adequately test, inspect, and assure the quality of the subject iron before selling the subject iron to Plaintiff and placing the subject iron into the stream of commerce.

64.     Target owed a duty to provide adequate warnings, instructions, and information with the subject iron.

65.     Target breached the above duties.

66.     Target's breaches of the above duties actually and proximately caused injury and damage to Plaintiff.

**WHEREFORE**, Plaintiff Annette Sysel demands judgment against Defendant Target Corporation for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

### COUNT VII—BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
#### (Against Defendant Target Corporation)

67.     Plaintiff re-alleges and incorporates paragraphs 1 through 27 of this Complaint as if fully stated herein.

68.     The subject iron is a good.

69.     Target is a merchant with respect to the subject iron.

70.     Target sold the subject iron to Plaintiff.

71.     The subject iron was in a defective, unmerchantable, unsuitable, unfit, and unreasonably dangerous condition at the time the subject iron left Target's possession, custody, and control.

72.     By selling the subject iron to Plaintiff, Target impliedly warranted that the subject iron was of merchantable quality.

73.     The subject iron was not of merchantable quality for at least the following reasons:

    a.  The subject iron is defective in its design, manufacture, and/or warning;

b.  The subject iron would not pass without objection in the trade under the contract description;

c.  The subject iron is not of fair average quality;

d.  The subject iron is not fit for the ordinary purposes for which such a good is used;

e.  The subject iron does not run within the variations permitted of even kind, quality, or quantity;

f.  The subject iron was not adequately contained, packaged, or labeled; and

g.  The subject iron does not conform to the promises or affirmations of fact made by Target.

74.    The subject iron's defective, unmerchantable, unsuitable, unfit, and unreasonably dangerous condition does not conform to the merchantable condition impliedly represented by Target at the time Plaintiff purchased the subject iron.

75.    As a result, Target breached the implied warranty of merchantability.

76.    Target's breach of the implied warranty of merchantability actually and proximately caused injury and damage to Plaintiff.

**WHEREFORE**, Plaintiff Annette Sysel demands judgment against Defendant Target Corporation for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.


Dated: July 27, 2022                    /s/ Steven E. Nauman
                                        **STEVEN E. NAUMAN, ESQ.**
                                        Florida Bar No.: 106126
                                        **Morgan & Morgan, P.A.**
                                        20 North Orange Avenue, Suite 1600
                                        Orlando, FL 32801
                                        Telephone: (407) 244-3962
                                        Email: snauman@forthepeople.com
                                        Secondary Email: ccoates@forthepeople.com
                                        *Counsel for Plaintiff*

 **Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
08/01/2022
CT Log Number 542026167

## Service of Process Transmittal Summary

**TO:**     CATHY SCHUDA
            Target Corporation
            1000 NICOLLET MALL, MS: TPS-3155
            MINNEAPOLIS, MN 55403-2542

**RE:**     **Process Served in Florida**

**FOR:**    Target Corporation  (Domestic State: MN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: ANNETTE SYSEL // To: Target Corporation |
| **CASE #:** | CACE22011055 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **PROCESS SERVED ON:** | C T Corporation System, Plantation, FL |
| **DATE/METHOD OF SERVICE:** | By Process Server on 08/01/2022 at 02:27 |
| **JURISDICTION SERVED:** | Florida |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/01/2022, Expected Purge Date: 08/06/2022 |
| | Image SOP |
| | Email Notification,  Non Employee Litigation Target  gl.legal@target.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 1200 South Pine Island Road |
| | Plantation, FL 33324 |
| | 877-564-7529 |
| | MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                           Mon, Aug 1, 2022
**Server Name:**                    Eric Deal

| Entity Served | Target Corporation |
|---|---|
| Case Number | CACE-22-011055 |
| Jurisdiction | FL |

| Inserts | | |
|---|---|---|
|  |  |  |



Filing # 154271175 E-Filed 07/28/2022 03:35:27 PM          CACE-22-011055

## IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FL

### CASE NO.: CACE-22-011055

ANNETTE SYSEL,

           Plaintiff,

vs.

SPECTRUM BRANDS, INC., SPECTRUM
BRANDS HOLDINGS, INC, and TARGET
CORPORATION,

           Defendants.

_____/

Date: _8-1-22_ Time: _2:00_ ᵖᵐ

Eric Deal          S.P.S. 336

### SUMMONS

THE STATE OF FLORIDA:

To all and singular sheriffs of said state:

      YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint or Petition in the above-styled cause upon the Defendant:

**Target Corporation**
**Attn: CT Corporation System**
**1200 S. Pine Island Road**
**Plantation, FL. 33324**

      Each Defendant is hereby required to serve written defenses to said Complaint or Petition on **Steven E. Nauman, Esquire, Morgan & Morgan, P.A., 20 North Orange Avenue, Suite 1600, Orlando, Florida 32801, Telephone: (407) 420-1414,** within twenty (20) days after service of this Summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the Complaint or Petition.

1

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 07/28/2022 03:35:24 PM.****

**REQUESTS FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES**

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Court Administration, **425 N. ORANGE AVENUE, SUITE 350, ORLANDO, FL 32801, (407) 836-2000**, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

WITNESS my hand and the seal of this Court on this the _____ day of _____, 2022.

JUL 29 2022

Clerk of the Circuit Court

By_____

As Deputy Clerk

BRENDA D. FORMAN

2

### IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named above.

### IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los numbres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted inviar por correo o entregar una copia de su respuesta a la persona denuminada abajo como "Plaintiff/Plaintiff's Attorney." (Demandate o Abogado del Demanadante).

### IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger' vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du

3

Tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

**MORGAN & MORGAN, P.A.**
**20 NORTH ORANGE AVENUE, SUITE 1600**
**ORLANDO, FLORIDA 32801**

4

Filing # 154198975 E-Filed 07/27/2022 05:18:13 PM

## IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

ANNETTE SYSEL,

      Plaintiff,

Case No.: _____

v.

SPECTRUM BRANDS, INC., SPECTRUM
BRANDS HOLDINGS, INC, and TARGET
CORPORATION,

      Defendants.

_____

## COMPLAINT

**COMES NOW** Plaintiff, ANNETTE SYSEL, to sue Defendants, SPECTRUM BRANDS, INC., SPECTRUM BRANDS HOLDINGS, INC, and TARGET CORPORATION, for the causes of action stated herein. In support thereof, Plaintiff states:

### THE PARTIES, JURISDICTION & VENUE

1.      Plaintiff is a Florida citizen and resident.

2.      Defendant Spectrum Brands, Inc. is a foreign corporation.

3.      Defendant Spectrum Brands, Inc. is registered with and authorized by the Florida Department of State to do business in Florida.

4.      Defendant Spectrum Brands, Inc. may be served with process by serving its registered agent: Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

5.      Defendant Spectrum Brands Holdings, Inc. is a foreign corporation.

6.      Defendant Spectrum Brands Holdings, Inc. is not registered with or authorized by the Florida Department of State to do business in Florida.

7.      Defendant Spectrum Brands Holdings, Inc. may be served with process by serving its registered agent: Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

8.      Defendant Target Corporation is a foreign corporation.

9.      Defendant Target Corporation is registered with and authorized by the Florida Department of State to do business in Florida.

10.     Defendant Target Corporation may be served with process by serving its registered agent: CT Corporation System, 1200 S. Pine Island Road, Plantation, FL 33324.

11.     This is an action to recover damages in excess of $30,000, exclusive of fees, costs, and interest.

12.     This Court is authorized to exercise personal jurisdiction over Defendant Spectrum Brands, Inc. pursuant to the Florida Long-Arm Statute, Fla. Stat. §§ 48.193(1)(a)(1), (1)(a)(2), and (1)(a)(6), because the claims stated herein arise out of Defendant Spectrum Brands, Inc.:

   a.   Operating, conducting, engaging in, or carrying on a business or business venture in Florida or having an office or agency in Florida;

   b.   Committing a tortious act within Florida; or

   c.   Causing injury to persons or property within Florida arising out of an act or omission committed outside Florida where, at or about the time of the injury, either (i) Defendant Spectrum Brands, Inc. was engaged in solicitation or service activities within Florida, or (ii) products, materials, or things processed, serviced, or manufactured by Defendant Spectrum Brands, Inc. anywhere were used or consumed in Florida in the ordinary course of commerce, trade, or use.

13.     This Court is authorized to exercise personal jurisdiction over Defendant Spectrum Brands, Inc. pursuant to the Florida Long-Arm Statute, Fla. Stat. § 48.193(2), because

Defendant Spectrum Brands, Inc.is engaged in substantial and not isolated activity within Florida.

14.     This Court is authorized to exercise personal jurisdiction over Defendant Spectrum Brands Holdings, Inc. pursuant to the Florida Long-Arm Statute, Fla. Stat. §§ 48.193(1)(a)(1), (1)(a)(2), and (1)(a)(6), because the claims stated herein arise out of Defendant Spectrum Brands Holdings, Inc.:

        a.     Operating, conducting, engaging in, or carrying on a business or business venture in Florida or having an office or agency in Florida;

        b.     Committing a tortious act within Florida; or

        c.     Causing injury to persons or property within Florida arising out of an act or omission committed outside Florida where, at or about the time of the injury, either (i) Defendant Spectrum Brands Holdings, Inc. was engaged in solicitation or service activities within Florida, or (ii) products, materials, or things processed, serviced, or manufactured by Defendant Spectrum Brands Holdings, Inc. anywhere were used or consumed in Florida in the ordinary course of commerce, trade, or use.

15.     This Court is authorized to exercise personal jurisdiction over Defendant Spectrum Brands Holdings, Inc. pursuant to the Florida Long-Arm Statute, Fla. Stat. § 48.193(2), because Defendant Spectrum Brands Holdings, Inc. is engaged in substantial and not isolated activity within Florida.

16.     This Court is authorized to exercise personal jurisdiction over Defendant Target Corporation pursuant to the Florida Long-Arm Statute, Fla. Stat. §§ 48.193(1)(a)(1), (1)(a)(2), and (1)(a)(6), because the claims stated herein arise out of Defendant Target Corporation:

        a.     Operating, conducting, engaging in, or carrying on a business or business venture in Florida or having an office or agency in Florida;

        b.     Committing a tortious act within Florida; or

   c. Causing injury to persons or property within Florida arising out of an act or omission committed outside Florida where, at or about the time of the injury, either (i) Defendant Target Corporation was engaged in solicitation or service activities within Florida, or (ii) products, materials, or things processed, serviced, or manufactured by Defendant Target Corporation anywhere were used or consumed in Florida in the ordinary course of commerce, trade, or use.

17. This Court is authorized to exercise personal jurisdiction over Defendant Target Corporation pursuant to the Florida Long-Arm Statute, Fla. Stat. § 48.193(2), because Defendant Target Corporation is engaged in substantial and not isolated activity within Florida.

18. Venue is proper in this Court because (i) all Defendants are foreign corporations and (ii) all Defendants have agents and representatives in Broward County, Florida.

## FACTS

19. Defendants Spectrum Brands, Inc. and Spectrum Brands Holdings, Inc. (collectively, "Spectrum Brands") are in the business of and derive substantial revenue from designing, manufacturing, producing, importing, distributing, and selling a wide range of consumer goods and appliances, including clothing irons.

20. Defendant Target Corporation ("Target") is in the business of and derives substantial revenue from selling a wide range of consumer goods and appliances, including clothing irons.

21. On or about May 12, 2015, Plaintiff purchased a "Black+Decker" model ICR05X clothing iron (the "subject iron") from Target.

22. Spectrum is responsible for the subject iron's design, manufacture, production, importation, distribution, and sale.

23. On or about August 8, 2018, Plaintiff used the subject iron to iron clothing.

24. After Plaintiff finished ironing, Plaintiff unplugged the subject iron.

25.     Suddenly, and without Plaintiff pressing the subject iron's cord retractor button, the subject iron's cord rapidly and violently retracted into the subject iron's housing. As the cord retracted uncontrollably, the cord struck Plaintiff's eye.

26.     Plaintiff was injured as a result.

## CONDITIONS PRECEDENT

27.     All conditions precedent have been satisfied or excused.

### COUNT I—STRICT LIABILITY
### (Against Defendant Spectrum Brands, Inc.)

28.     Plaintiff re-alleges and incorporates paragraphs 1 through 27 of this Complaint as if fully stated herein.

29.     Defendant Spectrum Brands, Inc. is responsible for the subject iron's design, manufacture, importation, distribution, and sale.

30.     The subject iron is defective in its design, manufacture, and/or warning.

31.     The subject iron's defective condition rendered the subject iron unreasonably dangerous for its designed, intended, and foreseeable uses.

32.     The subject iron's defective and unreasonably dangerous condition actually and proximately caused injury and damage to Plaintiff.

**WHEREFORE,** Plaintiff Annette Sysel demands judgment against Defendant Spectrum Brands, Inc. for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT II—NEGLIGENCE
**(Against Defendant Spectrum Brands, Inc.)**

33.     Plaintiff re-alleges and incorporates paragraphs 1 through 27 of this Complaint as if fully stated herein.

34.     Defendant Spectrum Brands, Inc. is responsible for the subject iron's design, manufacture, importation, distribution, and sale.

35.     The subject iron is defective in its design, manufacture, and/or warning.

36.     Defendant Spectrum Brands, Inc. owed a duty to properly design, manufacture, import, distribute, and sell the subject iron so that it was in a safe condition and without defect.

37.     Defendant Spectrum Brands, Inc. owed a duty to adequately test, inspect, and assure the quality of the subject iron before placing the subject iron into the stream of commerce.

38.     Defendant Spectrum Brands, Inc. owed a duty to provide adequate warnings, instructions, and information with the subject iron.

39.     Defendant Spectrum Brands, Inc. breached the above duties.

40.     Defendant Spectrum Brands, Inc.'s breaches of the above duties actually and proximately caused injury and damage to Plaintiff.

**WHEREFORE**, Plaintiff Annette Sysel demands judgment against Defendant Spectrum Brands, Inc. for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT III—STRICT LIABILITY
### (Against Defendant Spectrum Brands Holdings, Inc.)

41.     Plaintiff re-alleges and incorporates paragraphs 1 through 27 of this Complaint as if fully stated herein.

42.     Defendant Spectrum Brands Holdings, Inc. is responsible for the subject iron's design, manufacture, importation, distribution, and sale.

43.     The subject iron is defective in its design, manufacture, and/or warning.

44.     The subject iron's defective condition rendered the subject iron unreasonably dangerous for its designed, intended, and foreseeable uses.

45.     The subject iron's defective and unreasonably dangerous condition actually and proximately caused injury and damage to Plaintiff.

**WHEREFORE**, Plaintiff Annette Sysel demands judgment against Defendant Spectrum Brands Holdings, Inc. for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT IV—NEGLIGENCE
### (Against Defendant Spectrum Brands Holdings, Inc.)

46.     Plaintiff re-alleges and incorporates paragraphs 1 through 27 of this Complaint as if fully stated herein.

47.     Defendant Spectrum Brands Holdings, Inc. is responsible for the subject iron's design, manufacture, importation, distribution, and sale.

48.     The subject iron is defective in its design, manufacture, and/or warning.

49.     Defendant Spectrum Brands Holdings, Inc. owed a duty to properly design, manufacture, import, distribute, and sell the subject iron so that it was in a safe condition and without defect.

50.     Defendant Spectrum Brands Holdings, Inc. owed a duty to adequately test, inspect, and assure the quality of the subject iron before placing the subject iron into the stream of commerce.

51.     Defendant Spectrum Brands Holdings, Inc. owed a duty to provide adequate warnings, instructions, and information with the subject iron.

52.     Defendant Spectrum Brands Holdings, Inc. breached the above duties.

53.     Defendant Spectrum Brands Holdings, Inc.'s breaches of the above duties actually and proximately caused injury and damage to Plaintiff.

**WHEREFORE**, Plaintiff Annette Sysel demands judgment against Defendant Spectrum Brands Holdings, Inc. for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT V—STRICT LIABILITY
### (Against Defendant Target Corporation)

54.     Plaintiff re-alleges and incorporates paragraphs 1 through 27 of this Complaint as if fully stated herein.

55.     Target sold the subject iron to Plaintiff.

56.     The subject iron is defective in its design, manufacture, and/or warning.

57.    The subject iron's defective condition rendered the subject iron unreasonably dangerous for its designed, intended, and foreseeable uses.

58.    The subject iron's defective and unreasonably dangerous condition actually and proximately caused injury and damage to Plaintiff.

**WHEREFORE**, Plaintiff Annette Sysel demands judgment against Defendant Target Corporation for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

**COUNT VI—NEGLIGENCE**
**(Against Defendant Target Corporation)**

59.    Plaintiff re-alleges and incorporates paragraphs 1 through 27 of this Complaint as if fully stated herein.

60.    Target sold the subject iron to Plaintiff.

61.    The subject iron is defective in its design, manufacture, and/or warning.

62.    Target owed a duty to sell the subject iron in a condition that was safe and not defective.

63.    Target owed a duty to adequately test, inspect, and assure the quality of the subject iron before selling the subject iron to Plaintiff and placing the subject iron into the stream of commerce.

64.    Target owed a duty to provide adequate warnings, instructions, and information with the subject iron.

65.    Target breached the above duties.

66.     Target's breaches of the above duties actually and proximately caused injury and damage to Plaintiff.

**WHEREFORE**, Plaintiff Annette Sysel demands judgment against Defendant Target Corporation for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT VII—BREACH OF IMPLIED
## WARRANTY OF MERCHANTABILITY
### (Against Defendant Target Corporation)

67.     Plaintiff re-alleges and incorporates paragraphs 1 through 27 of this Complaint as if fully stated herein.

68.     The subject iron is a good.

69.     Target is a merchant with respect to the subject iron.

70.     Target sold the subject iron to Plaintiff.

71.     The subject iron was in a defective, unmerchantable, unsuitable, unfit, and unreasonably dangerous condition at the time the subject iron left Target's possession, custody, and control.

72.     By selling the subject iron to Plaintiff, Target impliedly warranted that the subject iron was of merchantable quality.

73.     The subject iron was not of merchantable quality for at least the following reasons:

    a. The subject iron is defective in its design, manufacture, and/or warning;

    b.  The subject iron would not pass without objection in the trade under the contract description;

    c.  The subject iron is not of fair average quality;

    d.  The subject iron is not fit for the ordinary purposes for which such a good is used;

    e.  The subject iron does not run within the variations permitted of even kind, quality, or quantity;

    f.  The subject iron was not adequately contained, packaged, or labeled; and

    g.  The subject iron does not conform to the promises or affirmations of fact made by Target.

74.    The subject iron's defective, unmerchantable, unsuitable, unfit, and unreasonably dangerous condition does not conform to the merchantable condition impliedly represented by Target at the time Plaintiff purchased the subject iron.

75.    As a result, Target breached the implied warranty of merchantability.

76.    Target's breach of the implied warranty of merchantability actually and proximately caused injury and damage to Plaintiff.

**WHEREFORE**, Plaintiff Annette Sysel demands judgment against Defendant Target Corporation for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.


Dated: July 27, 2022                          /s/ Steven E. Nauman
                                              **STEVEN E. NAUMAN, ESQ.**
                                              Florida Bar No.: 106126
                                              **Morgan & Morgan, P.A.**
                                              20 North Orange Avenue, Suite 1600
                                              Orlando, FL 32801
                                              Telephone: (407) 244-3962
                                              Email: snauman@forthepeople.com
                                              Secondary Email: ccoates@forthepeople.com
                                              *Counsel for Plaintiff*

Filing # 154271175 E-Filed 07/28/2022 03:35:27 PM       CACE-22-011055

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FL

CASE NO.: CACE-22-011055

ANNETTE SYSEL,

        Plaintiff,

vs.

SPECTRUM BRANDS, INC., SPECTRUM
BRANDS HOLDINGS, INC, and TARGET
CORPORATION,

        Defendants.

_____/

Date __8/1/22__ Time __12:59__
Initlals __AB__   ID# __N/A__

## SUMMONS

THE STATE OF FLORIDA:

To all and singular sheriffs of said state:

        YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint or Petition in the above-styled cause upon the Defendant:

**Spectrum Brands Holdings, Inc.**
**Attn: Corporation Service Company**
**251 Little Falls Drive**
**Wilmington, DE 19808**

        Each Defendant is hereby required to serve written defenses to said Complaint or Petition on **Steven E. Nauman, Esquire, Morgan & Morgan, P.A., 20 North Orange Avenue, Suite 1600, Orlando, Florida 32801, Telephone: (407) 420-1414,** within twenty (20) days after service of this Summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the Complaint or Petition.

1

## REQUESTS FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Court Administration, **425   N.   ORANGE AVENUE,   SUITE  350, ORLANDO, FL 32801,  (407) 836-2000,** at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

WITNESS  my  hand  and  the  seal  of  this  Court  on  this   the   _____  day  of _____, 2022.

JUL 29 2022

Clerk of the Circuit Court

By_____

As Deputy Clerk

BRENDA D. FORMAN

2

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named above.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los numbres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted inviar por correo o entregar una copia de su respuesta a la persona denuminada abajo como "Plaintiff/Plaintiff's Attorney." (Demandate o Abogado del Demanadante).

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger' vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du

Tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

**MORGAN & MORGAN, P.A.**
**20 NORTH ORANGE AVENUE, SUITE 1600**
**ORLANDO, FLORIDA 32801**

4

Filing # 154198975 E-Filed 07/27/2022 05:18:13 PM

## IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

ANNETTE SYSEL,

        Plaintiff,

Case No.: _____

v.

SPECTRUM BRANDS, INC., SPECTRUM
BRANDS HOLDINGS, INC, and TARGET
CORPORATION,

        Defendants.

---

### COMPLAINT

---

**COMES NOW** Plaintiff, ANNETTE SYSEL, to sue Defendants, SPECTRUM BRANDS, INC., SPECTRUM BRANDS HOLDINGS, INC, and TARGET CORPORATION, for the causes of action stated herein. In support thereof, Plaintiff states:

### THE PARTIES, JURISDICTION & VENUE

1.      Plaintiff is a Florida citizen and resident.

2.      Defendant Spectrum Brands, Inc. is a foreign corporation.

3.      Defendant Spectrum Brands, Inc. is registered with and authorized by the Florida Department of State to do business in Florida.

4.      Defendant Spectrum Brands, Inc. may be served with process by serving its registered agent: Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

5.      Defendant Spectrum Brands Holdings, Inc. is a foreign corporation.

6.      Defendant Spectrum Brands Holdings, Inc. is not registered with or authorized by the Florida Department of State to do business in Florida.

7.     Defendant Spectrum Brands Holdings, Inc. may be served with process by serving its registered agent: Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

8.     Defendant Target Corporation is a foreign corporation.

9.     Defendant Target Corporation is registered with and authorized by the Florida Department of State to do business in Florida.

10.     Defendant Target Corporation may be served with process by serving its registered agent: CT Corporation System, 1200 S. Pine Island Road, Plantation, FL 33324.

11.     This is an action to recover damages in excess of $30,000, exclusive of fees, costs, and interest.

12.     This Court is authorized to exercise personal jurisdiction over Defendant Spectrum Brands, Inc. pursuant to the Florida Long-Arm Statute, Fla. Stat. §§ 48.193(1)(a)(1), (1)(a)(2), and (1)(a)(6), because the claims stated herein arise out of Defendant Spectrum Brands, Inc.:

   a.   Operating, conducting, engaging in, or carrying on a business or business venture in Florida or having an office or agency in Florida;

   b.   Committing a tortious act within Florida; or

   c.   Causing injury to persons or property within Florida arising out of an act or omission committed outside Florida where, at or about the time of the injury, either (i) Defendant Spectrum Brands, Inc. was engaged in solicitation or service activities within Florida, or (ii) products, materials, or things processed, serviced, or manufactured by Defendant Spectrum Brands, Inc. anywhere were used or consumed in Florida in the ordinary course of commerce, trade, or use.

13.     This Court is authorized to exercise personal jurisdiction over Defendant Spectrum Brands, Inc. pursuant to the Florida Long-Arm Statute, Fla. Stat. § 48.193(2), because

Defendant Spectrum Brands, Inc.is engaged in substantial and not isolated activity within Florida.

14.   This Court is authorized to exercise personal jurisdiction over Defendant Spectrum Brands Holdings, Inc. pursuant to the Florida Long-Arm Statute, Fla. Stat. §§ 48.193(1)(a)(1), (1)(a)(2), and (1)(a)(6), because the claims stated herein arise out of Defendant Spectrum Brands Holdings, Inc.:

    a.   Operating, conducting, engaging in, or carrying on a business or business venture in Florida or having an office or agency in Florida;

    b.   Committing a tortious act within Florida; or

    c.   Causing injury to persons or property within Florida arising out of an act or omission committed outside Florida where, at or about the time of the injury, either (i) Defendant Spectrum Brands Holdings, Inc. was engaged in solicitation or service activities within Florida, or (ii) products, materials, or things processed, serviced, or manufactured by Defendant Spectrum Brands Holdings, Inc. anywhere were used or consumed in Florida in the ordinary course of commerce, trade, or use.

15.   This Court is authorized to exercise personal jurisdiction over Defendant Spectrum Brands Holdings, Inc. pursuant to the Florida Long-Arm Statute, Fla. Stat. § 48.193(2), because Defendant Spectrum Brands Holdings, Inc. is engaged in substantial and not isolated activity within Florida.

16.   This Court is authorized to exercise personal jurisdiction over Defendant Target Corporation pursuant to the Florida Long-Arm Statute, Fla. Stat. §§ 48.193(1)(a)(1), (1)(a)(2), and (1)(a)(6), because the claims stated herein arise out of Defendant Target Corporation:

    a.   Operating, conducting, engaging in, or carrying on a business or business venture in Florida or having an office or agency in Florida;

    b.   Committing a tortious act within Florida; or

     c.    Causing injury to persons or property within Florida arising out of an act or omission committed outside Florida where, at or about the time of the injury, either (i) Defendant Target Corporation was engaged in solicitation or service activities within Florida, or (ii) products, materials, or things processed, serviced, or manufactured by Defendant Target Corporation anywhere were used or consumed in Florida in the ordinary course of commerce, trade, or use.

17.    This Court is authorized to exercise personal jurisdiction over Defendant Target Corporation pursuant to the Florida Long-Arm Statute, Fla. Stat. § 48.193(2), because Defendant Target Corporation is engaged in substantial and not isolated activity within Florida.

18.    Venue is proper in this Court because (i) all Defendants are foreign corporations and (ii) all Defendants have agents and representatives in Broward County, Florida.

## FACTS

19.    Defendants Spectrum Brands, Inc. and Spectrum Brands Holdings, Inc. (collectively, "Spectrum Brands") are in the business of and derive substantial revenue from designing, manufacturing, producing, importing, distributing, and selling a wide range of consumer goods and appliances, including clothing irons.

20.    Defendant Target Corporation ("Target") is in the business of and derives substantial revenue from selling a wide range of consumer goods and appliances, including clothing irons.

21.    On or about May 12, 2015, Plaintiff purchased a "Black+Decker" model ICR05X clothing iron (the "subject iron") from Target.

22.    Spectrum is responsible for the subject iron's design, manufacture, production, importation, distribution, and sale.

23.    On or about August 8, 2018, Plaintiff used the subject iron to iron clothing.

24.    After Plaintiff finished ironing, Plaintiff unplugged the subject iron.

25.     Suddenly, and without Plaintiff pressing the subject iron's cord retractor button, the subject iron's cord rapidly and violently retracted into the subject iron's housing. As the cord retracted uncontrollably, the cord struck Plaintiff's eye.

26.     Plaintiff was injured as a result.

## CONDITIONS PRECEDENT

27.     All conditions precedent have been satisfied or excused.

## COUNT I—STRICT LIABILITY
### (Against Defendant Spectrum Brands, Inc.)

28.     Plaintiff re-alleges and incorporates paragraphs 1 through 27 of this Complaint as if fully stated herein.

29.     Defendant Spectrum Brands, Inc. is responsible for the subject iron's design, manufacture, importation, distribution, and sale.

30.     The subject iron is defective in its design, manufacture, and/or warning.

31.     The subject iron's defective condition rendered the subject iron unreasonably dangerous for its designed, intended, and foreseeable uses.

32.     The subject iron's defective and unreasonably dangerous condition actually and proximately caused injury and damage to Plaintiff.

**WHEREFORE**, Plaintiff Annette Sysel demands judgment against Defendant Spectrum Brands, Inc. for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT II—NEGLIGENCE
### (Against Defendant Spectrum Brands, Inc.)

33.     Plaintiff re-alleges and incorporates paragraphs 1 through 27 of this Complaint as if fully stated herein.

34.     Defendant Spectrum Brands, Inc. is responsible for the subject iron's design, manufacture, importation, distribution, and sale.

35.     The subject iron is defective in its design, manufacture, and/or warning.

36.     Defendant Spectrum Brands, Inc. owed a duty to properly design, manufacture, import, distribute, and sell the subject iron so that it was in a safe condition and without defect.

37.     Defendant Spectrum Brands, Inc. owed a duty to adequately test, inspect, and assure the quality of the subject iron before placing the subject iron into the stream of commerce.

38.     Defendant Spectrum Brands, Inc. owed a duty to provide adequate warnings, instructions, and information with the subject iron.

39.     Defendant Spectrum Brands, Inc. breached the above duties.

40.     Defendant Spectrum Brands, Inc.'s breaches of the above duties actually and proximately caused injury and damage to Plaintiff.

**WHEREFORE**, Plaintiff Annette Sysel demands judgment against Defendant Spectrum Brands, Inc. for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT III—STRICT LIABILITY
### (Against Defendant Spectrum Brands Holdings, Inc.)

41.     Plaintiff re-alleges and incorporates paragraphs 1 through 27 of this Complaint as if fully stated herein.

42.     Defendant Spectrum Brands Holdings, Inc. is responsible for the subject iron's design, manufacture, importation, distribution, and sale.

43.     The subject iron is defective in its design, manufacture, and/or warning.

44.     The subject iron's defective condition rendered the subject iron unreasonably dangerous for its designed, intended, and foreseeable uses.

45.     The subject iron's defective and unreasonably dangerous condition actually and proximately caused injury and damage to Plaintiff.

**WHEREFORE**, Plaintiff Annette Sysel demands judgment against Defendant Spectrum Brands Holdings, Inc. for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT IV—NEGLIGENCE
### (Against Defendant Spectrum Brands Holdings, Inc.)

46.     Plaintiff re-alleges and incorporates paragraphs 1 through 27 of this Complaint as if fully stated herein.

47.     Defendant Spectrum Brands Holdings, Inc. is responsible for the subject iron's design, manufacture, importation, distribution, and sale.

48.     The subject iron is defective in its design, manufacture, and/or warning.

49.     Defendant Spectrum Brands Holdings, Inc. owed a duty to properly design, manufacture, import, distribute, and sell the subject iron so that it was in a safe condition and without defect.

50.     Defendant Spectrum Brands Holdings, Inc. owed a duty to adequately test, inspect, and assure the quality of the subject iron before placing the subject iron into the stream of commerce.

51.     Defendant Spectrum Brands Holdings, Inc. owed a duty to provide adequate warnings, instructions, and information with the subject iron.

52.     Defendant Spectrum Brands Holdings, Inc. breached the above duties.

53.     Defendant Spectrum Brands Holdings, Inc.'s breaches of the above duties actually and proximately caused injury and damage to Plaintiff.

**WHEREFORE,** Plaintiff Annette Sysel demands judgment against Defendant Spectrum Brands Holdings, Inc. for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

### COUNT V—STRICT LIABILITY
### (Against Defendant Target Corporation)

54.     Plaintiff re-alleges and incorporates paragraphs 1 through 27 of this Complaint as if fully stated herein.

55.     Target sold the subject iron to Plaintiff.

56.     The subject iron is defective in its design, manufacture, and/or warning.

57.     The subject iron's defective condition rendered the subject iron unreasonably dangerous for its designed, intended, and foreseeable uses.

58.     The subject iron's defective and unreasonably dangerous condition actually and proximately caused injury and damage to Plaintiff.

**WHEREFORE,** Plaintiff Annette Sysel demands judgment against Defendant Target Corporation for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

### COUNT VI—NEGLIGENCE
### (Against Defendant Target Corporation)

59.     Plaintiff re-alleges and incorporates paragraphs 1 through 27 of this Complaint as if fully stated herein.

60.     Target sold the subject iron to Plaintiff.

61.     The subject iron is defective in its design, manufacture, and/or warning.

62.     Target owed a duty to sell the subject iron in a condition that was safe and not defective.

63.     Target owed a duty to adequately test, inspect, and assure the quality of the subject iron before selling the subject iron to Plaintiff and placing the subject iron into the stream of commerce.

64.     Target owed a duty to provide adequate warnings, instructions, and information with the subject iron.

65.     Target breached the above duties.

66.     Target's breaches of the above duties actually and proximately caused injury and damage to Plaintiff.

**WHEREFORE**, Plaintiff Annette Sysel demands judgment against Defendant Target Corporation for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

### COUNT VII—BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### (Against Defendant Target Corporation)

67.     Plaintiff re-alleges and incorporates paragraphs 1 through 27 of this Complaint as if fully stated herein.

68.     The subject iron is a good.

69.     Target is a merchant with respect to the subject iron.

70.     Target sold the subject iron to Plaintiff.

71.     The subject iron was in a defective, unmerchantable, unsuitable, unfit, and unreasonably dangerous condition at the time the subject iron left Target's possession, custody, and control.

72.     By selling the subject iron to Plaintiff, Target impliedly warranted that the subject iron was of merchantable quality.

73.     The subject iron was not of merchantable quality for at least the following reasons:

    a.  The subject iron is defective in its design, manufacture, and/or
        warning;

b.   The subject iron would not pass without objection in the trade under the contract description;

c.   The subject iron is not of fair average quality;

d.   The subject iron is not fit for the ordinary purposes for which such a good is used;

e.   The subject iron does not run within the variations permitted of even kind, quality, or quantity;

f.   The subject iron was not adequately contained, packaged, or labeled; and

g.   The subject iron does not conform to the promises or affirmations of fact made by Target.

74.   The subject iron's defective, unmerchantable, unsuitable, unfit, and unreasonably dangerous condition does not conform to the merchantable condition impliedly represented by Target at the time Plaintiff purchased the subject iron.

75.   As a result, Target breached the implied warranty of merchantability.

76.   Target's breach of the implied warranty of merchantability actually and proximately caused injury and damage to Plaintiff.

**WHEREFORE**, Plaintiff Annette Sysel demands judgment against Defendant Target Corporation for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: July 27, 2022

/s/ *Steven E. Nauman*
**STEVEN E. NAUMAN, ESQ.**
Florida Bar No.: 106126
**Morgan & Morgan, P.A.**
20 North Orange Avenue, Suite 1600
Orlando, FL 32801
Telephone: (407) 244-3962
Email: snauman@forthepeople.com
Secondary Email: ccoates@forthepeople.com
*Counsel for Plaintiff*

## IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

ANNETTE SYSEL,

     Plaintiff,

v.

EMPOWER BRANDS, LLC, and TARGET
CORPORATION,

     Defendants.

Case No: CACE-22-011055

---

## AMENDED COMPLAINT

---

**COMES NOW** Plaintiff, ANNETTE SYSEL, to sue Defendants, EMPOWER BRANDS, LLC, and TARGET CORPORATION, for the causes of action stated herein. In support thereof, Plaintiff states:

### THE PARTIES, JURISDICTION & VENUE

1.    Plaintiff is a Florida citizen and resident.

2.    Defendant EMPOWER BRANDS, LLC is a foreign corporation.

3.    Defendant EMPOWER BRANDS, LLC is not registered with or authorized by the Florida Department of State to do business in Florida.

4.    Defendant EMPOWER BRANDS, LLC may be served with process by serving its registered agent: Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

5.    Defendant Target Corporation is a foreign corporation.

6.    Defendant Target Corporation is registered with and authorized by the Florida Department of State to do business in Florida.

7.      Defendant Target Corporation may be served with process by serving its registered agent: CT Corporation System, 1200 S. Pine Island Road, Plantation, FL 33324.

8.      This is an action to recover damages in excess of $30,000, exclusive of fees, costs, and interest.

9.      This Court is authorized to exercise personal jurisdiction over Defendant EMPOWER BRANDS, LLC pursuant to the Florida Long-Arm Statute, Fla. Stat. §§ 48.193(1)(a)(1), (1)(a)(2), and (1)(a)(6), because the claims stated herein arise out of Defendant EMPOWER BRANDS, LLC:

   a.   Operating, conducting, engaging in, or carrying on a business or business venture in Florida or having an office or agency in Florida;

   b.   Committing a tortious act within Florida; or

   c.   Causing injury to persons or property within Florida arising out of an act or omission committed outside Florida where, at or about the time of the injury, either (i) Defendant EMPOWER BRANDS, LLC was engaged in solicitation or service activities within Florida, or (ii) products, materials, or things processed, serviced, or manufactured by Defendant EMPOWER BRANDS, LLC anywhere were used or consumed in Florida in the ordinary course of commerce, trade, or use.

10.     This Court is authorized to exercise personal jurisdiction over Defendant EMPOWER BRANDS, LLC pursuant to the Florida Long-Arm Statute, Fla. Stat. § 48.193(2), because Defendant EMPOWER BRANDS, LLC is engaged in substantial and not isolated activity within Florida.

11.     This Court is authorized to exercise personal jurisdiction over Defendant Target Corporation pursuant to the Florida Long-Arm Statute, Fla. Stat. §§ 48.193(1)(a)(1), (1)(a)(2), and (1)(a)(6), because the claims stated herein arise out of Defendant Target Corporation:

a. Operating, conducting, engaging in, or carrying on a business or business venture in Florida or having an office or agency in Florida;

b. Committing a tortious act within Florida; or

c. Causing injury to persons or property within Florida arising out of an act or omission committed outside Florida where, at or about the time of the injury, either (i) Defendant Target Corporation was engaged in solicitation or service activities within Florida, or (ii) products, materials, or things processed, serviced, or manufactured by Defendant Target Corporation anywhere were used or consumed in Florida in the ordinary course of commerce, trade, or use.

12.    This Court is authorized to exercise personal jurisdiction over Defendant Target Corporation pursuant to the Florida Long-Arm Statute, Fla. Stat. § 48.193(2), because Defendant Target Corporation is engaged in substantial and not isolated activity within Florida.

13.    Venue is proper in this Court because (i) all Defendants are foreign corporations and (ii) all Defendants have agents and representatives in Broward County, Florida.

**FACTS**

14.    Defendants EMPOWER BRANDS, LLC ("Empower") is in the business of and derive substantial revenue from designing, manufacturing, producing, importing, distributing, and selling a wide range of consumer goods and appliances, including clothing irons.

15.    Defendant Target Corporation ("Target") is in the business of and derives substantial revenue from selling a wide range of consumer goods and appliances, including clothing irons.

16.    On or about May 12, 2015, Plaintiff purchased a "Black+Decker" model ICR05X clothing iron (the "subject iron") from Target.

17.    Empower is responsible for the subject iron's design, manufacture, production, importation, distribution, and sale.

18.     On or about August 8, 2018, Plaintiff used the subject iron to iron clothing.

19.     After Plaintiff finished ironing, Plaintiff unplugged the subject iron.

20.     Suddenly, and without Plaintiff pressing the subject iron's cord retractor button, the subject iron's cord rapidly and violently retracted into the subject iron's housing. As the cord retracted uncontrollably, the cord struck Plaintiff's eye.

21.     Plaintiff was injured as a result.

## CONDITIONS PRECEDENT

22.     All conditions precedent have been satisfied or excused.

## COUNT I—STRICT LIABILITY
### (Against Defendant EMPOWER BRANDS, LLC)

23.     Plaintiff re-alleges and incorporates paragraphs 1 through 22 of this Complaint as if fully stated herein.

24.     Defendant EMPOWER BRANDS, LLC is responsible for the subject iron's design, manufacture, importation, distribution, and sale.

25.     The subject iron is defective in its design, manufacture, and/or warning.

26.     The subject iron's defective condition rendered the subject iron unreasonably dangerous for its designed, intended, and foreseeable uses.

27.     The subject iron's defective and unreasonably dangerous condition actually and proximately caused injury and damage to Plaintiff.

**WHEREFORE**, Plaintiff Annette Sysel demands judgment against Defendant EMPOWER BRANDS, LLC for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental

anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT II—NEGLIGENCE
**(Against Defendant EMPOWER BRANDS, LLC)**

28.     Plaintiff re-alleges and incorporates paragraphs 1 through 22 of this Complaint as if fully stated herein.

29.     Defendant EMPOWER BRANDS, LLC is responsible for the subject iron's design, manufacture, importation, distribution, and sale.

30.     The subject iron is defective in its design, manufacture, and/or warning.

31.     Defendant EMPOWER BRANDS, LLC owed a duty to properly design, manufacture, import, distribute, and sell the subject iron so that it was in a safe condition and without defect.

32.     Defendant EMPOWER BRANDS, LLC owed a duty to adequately test, inspect, and assure the quality of the subject iron before placing the subject iron into the stream of commerce.

33.     Defendant EMPOWER BRANDS, LLC owed a duty to provide adequate warnings, instructions, and information with the subject iron.

34.     Defendant EMPOWER BRANDS, LLC breached the above duties.

35.     Defendant EMPOWER BRANDS, LLC's breaches of the above duties actually and proximately caused injury and damage to Plaintiff.

**WHEREFORE**, Plaintiff Annette Sysel demands judgment against Defendant EMPOWER BRANDS, LLC for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all

actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT III—STRICT LIABILITY
### (Against Defendant Target Corporation)

36.     Plaintiff re-alleges and incorporates paragraphs 1 through 22 of this Complaint as if fully stated herein.

37.     Target sold the subject iron to Plaintiff.

38.     The subject iron is defective in its design, manufacture, and/or warning.

39.     The subject iron's defective condition rendered the subject iron unreasonably dangerous for its designed, intended, and foreseeable uses.

40.     The subject iron's defective and unreasonably dangerous condition actually and proximately caused injury and damage to Plaintiff.

**WHEREFORE**, Plaintiff Annette Sysel demands judgment against Defendant Target Corporation for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT IV—NEGLIGENCE
### (Against Defendant Target Corporation)

41.     Plaintiff re-alleges and incorporates paragraphs 1 through 22 of this Complaint as if fully stated herein.

42.     Target sold the subject iron to Plaintiff.

43.     The subject iron is defective in its design, manufacture, and/or warning.

44.     Target owed a duty to sell the subject iron in a condition that was safe and not defective.

45.     Target owed a duty to adequately test, inspect, and assure the quality of the subject iron before selling the subject iron to Plaintiff and placing the subject iron into the stream of commerce.

46.     Target owed a duty to provide adequate warnings, instructions, and information with the subject iron.

47.     Target breached the above duties.

48.     Target's breaches of the above duties actually and proximately caused injury and damage to Plaintiff.

**WHEREFORE**, Plaintiff Annette Sysel demands judgment against Defendant Target Corporation for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT V—BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### (Against Defendant Target Corporation)

49.     Plaintiff re-alleges and incorporates paragraphs 1 through 22 of this Complaint as if fully stated herein.

50.     The subject iron is a good.

51.     Target is a merchant with respect to the subject iron.

52.     Target sold the subject iron to Plaintiff.

53.     The subject iron was in a defective, unmerchantable, unsuitable, unfit, and unreasonably dangerous condition at the time the subject iron left Target's possession, custody, and control.

54.     By selling the subject iron to Plaintiff, Target impliedly warranted that the subject iron was of merchantable quality.

55.     The subject iron was not of merchantable quality for at least the following reasons:

     a.  The subject iron is defective in its design, manufacture, and/or warning;

     b.  The subject iron would not pass without objection in the trade under the contract description;

     c.  The subject iron is not of fair average quality;

     d.  The subject iron is not fit for the ordinary purposes for which such a good is used;

     e.  The subject iron does not run within the variations permitted of even kind, quality, or quantity;

     f.  The subject iron was not adequately contained, packaged, or labeled; and

     g.  The subject iron does not conform to the promises or affirmations of fact made by Target.

56.     The subject iron's defective, unmerchantable, unsuitable, unfit, and unreasonably dangerous condition does not conform to the merchantable condition impliedly represented by Target at the time Plaintiff purchased the subject iron.

57.     As a result, Target breached the implied warranty of merchantability.

58.     Target's breach of the implied warranty of merchantability actually and proximately caused injury and damage to Plaintiff.

**WHEREFORE**, Plaintiff Annette Sysel demands judgment against Defendant Target Corporation for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: September 8, 2022

/s/ *Mark T. B. Patterson*
**MARK T. B. PATTERSON, ESQ.**
Florida Bar No.: 1035346
**Morgan & Morgan, P.A.**
20 North Orange Avenue, Suite 1600
Orlando, FL 32801
Telephone: (407) 839-4414
Email: mpatterson@forthepeople.com
Secondary Email: taide@forthepeople.com
*Counsel for Plaintiff*

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

ANNETTE SYSEL,

     **Plaintiff,**

v.                                  **Case No.: CACE-22-011055**

EMPOWER BRANDS, LLC and TARGET
CORPORATION,

     **Defendants.**

<u>**DEFENDANT EMPOWER BRANDS, LLC'S ANSWER
TO PLAINTIFF'S AMENDED COMPLAINT**</u>

Defendant Empower Brands, LLC ("Empower Brands"), by and through counsel, respectfully submits its Answer to Plaintiff's Amended Complaint as follows:

1.     Empower Brands is without knowledge or sufficient information to form a belief as to the truth of the allegations of Paragraph 1 of Plaintiff's Amended Complaint, and the same are therefore denied.

2.     Empower Brands admits that it is a foreign corporation.

3.     Empower Brands admits that it is not registered with or authorized by the Florida Department of State to do business in Florida.

4.     Empower Brands admits that it may be served with process by serving its registered agent: Corporation Service Company, 251 Little Falls Drive, Wilmington, DE, 19808.

5.     Empower Brands is without knowledge or sufficient information to form a belief as to the truth of the allegations of Paragraph 5 of Plaintiff's Amended Complaint, and the same are therefore denied.

6.     Empower Brands is without knowledge or sufficient information to form a belief as to the truth of the allegations of Paragraph 6 of Plaintiff's Amended Complaint, and the same

are therefore denied.

7.    Empower Brands is without knowledge or sufficient information to form a belief as to the truth of the allegations of Paragraph 7 of Plaintiff's Amended Complaint, and the same are therefore denied.

8.    Empower Brands admits that Plaintiff seeks to assert an action to recover damages in excess of $30,000, exclusive of fees, costs, and interest. Empower Brands denies that Plaintiff is entitled to any damages.  Except as expressly admitted, Empower Brands denies the allegation in Paragraph 8 of Plaintiff's Amended Complaint.

9.    Empower Brands admits that this Court has personal jurisdiction over Empower Brands in this matter. Except as expressly admitted, Empower Brands denies the allegations of Paragraph 9 of Plaintiff's Amended Complaint, including subparts a, b, and c.

10.    Empower Brands admits that this Court is authorized to exercise personal jurisdiction over Empower Brands in this matter.  Except as expressly admitted, Empower Brands denies the allegations of Paragraph 10 of Plaintiff's Amended Complaint.

11.     Empower Brands is without knowledge or sufficient information to form a belief as to the truth of the allegations of Paragraph 11 of Plaintiff's Amended Complaint, including subparts a, b, and c, and the same are therefore denied.

12.     Empower Brands is without knowledge or sufficient information to form a belief as to the truth of the allegations of Paragraph 12 of Plaintiff's Amended Complaint, and the same are therefore denied.

13.    The allegations in paragraph 13 of Plaintiff's Amended Complaint form a legal conclusion to which no response is required.  To the extent a response is required, Empower Brands denies the allegations contained in Paragraph 13 of Plaintiff's Amended Complaint.

14.     Empower Brands admits that its business includes designing, importing, distributing, and selling consumer appliances, including clothing irons, and that it derives revenue from same.  Except as expressly admitted Empower Brands denies the allegations of Paragraph 14 of Plaintiff's Amended Complaint.

15.      Empower Brands is without knowledge or sufficient information to form a belief as to the truth of the allegations of Paragraph 15 of Plaintiff's Amended Complaint, and the same are therefore denied.

16.     Empower Brands is without knowledge or sufficient information to form a belief as to the truth of the allegations of Paragraph 16 of Plaintiff's Amended Complaint, and the same are therefore denied.

17.     Empower Brands admits that it (or its predecessor company) participated in the design of and imports and distributes "Black+Decker" model ICR05X clothing irons.  Except as expressly admitted Empower Brands denies the allegations of Paragraph 17 of Plaintiff's Amended Complaint.

18.      Empower Brands is without knowledge or sufficient information to form a belief as to the truth of the allegations of Paragraph 18 of Plaintiff's Amended Complaint, and the same are therefore denied.

19.     Empower Brands is without knowledge or sufficient information to form a belief as to the truth of the allegations of Paragraph 19 of Plaintiff's Amended Complaint, and the same are therefore denied.

20.     Empower Brands is without knowledge or sufficient information to form a belief as to the truth of the allegations of Paragraph 20 of Plaintiff's Amended Complaint, and the same are therefore denied.

21.     Empower Brands is without knowledge or sufficient information to form a belief as to the truth of the allegations of Paragraph 21 of Plaintiff's Amended Complaint, and the same are therefore denied.

22.     The allegations contained in Paragraph 22 call for a legal conclusion to which no response is required.  To the extent that a response is required, Empower Brands denies the allegation in Paragraph 22 of Plaintiff's Amended Complaint.

23.     Empower Brands incorporates by reference its responses to Paragraphs 1 through 22 of Plaintiff's Amended Complaint as if fully set forth herein.

24.     Empower Brands admits that it (or its predecessor company) participated in the design of and imports and distributes "Black+Decker" model ICR05X clothing irons.  Except as expressly admitted, Empower Brands denies the allegations of Paragraph 24 of Plaintiff's Amended Complaint.

25.     Denied.

26.     Empower Brands specifically denies that the "Black+Decker" model ICR05X clothing iron was defective.  Empower Brands denies the remaining allegations of Paragraph 26 of Plaintiff's Amended Complaint.

27.     Empower Brands specifically denies that the "Black+Decker" model ICR05X clothing iron was defective.  Empower Brands denies the remaining allegations of Paragraph 27 of Plaintiff's Amended Complaint..

The Wherefore clause does not contain allegations to which a response is required.  To the extent a response is required, denied.

28.     Empower Brands incorporates by reference its responses to Paragraphs 1 through 22 of Plaintiff's Amended Complaint as if fully set forth herein.

29.     Empower Brands admits that it (or its predecessor company) participated in the design of and imports and distributes "Black+Decker" model ICR05X clothing irons.  Except as expressly admitted, Empower Brands denies the allegations of Paragraph 29 of Plaintiff's Amended Complaint.

30.     Denied.

31.     Empower Brands specifically denies that the "Black+Decker" model ICR05X clothing iron was defective.  The remaining allegations contained in Paragraph 31 call for a legal conclusion to which no response is required.  To the extent that a response is required, Empower Brands denies the remaining allegations in Paragraph 31 of Plaintiff's Amended Complaint.

32.     The allegations contained in Paragraph 32 call for a legal conclusion to which no response is required.  To the extent that a response is required, Empower Brands denies the allegations in Paragraph 32 of Plaintiff's Amended Complaint.

33.      The allegations contained in Paragraph 33 call for a legal conclusion to which no response is required.  To the extent that a response is required, Empower Brands denies the allegations in Paragraph 33 of Plaintiff's Amended Complaint.

34.     Denied.

35.     Denied.

The WHEREFORE clause does not contain allegations to which a response is required. To the extent a response is required, denied.

36.     Empower Brands incorporates by reference its responses to Paragraphs 1 through 22 of Plaintiff's Amended Complaint as though set forth at length herein.

37.     Empower Brands is without knowledge or sufficient information to form a belief as to the truth of the allegations of Paragraph 37 of Plaintiff's Amended Complaint, and the same

are therefore denied.

38.     Denied.

39.     Empower Brands specifically denies that the "Black+Decker" model ICR05X clothing iron was defective.  Empower Brands denies the remaining allegations of Paragraph 39 of Plaintiff's Amended Complaint.

40.     Empower Brands specifically denies that the "Black+Decker" model ICR05X clothing iron was defective.  Empower Brands denies the remaining allegations of Paragraph 40 of Plaintiff's Amended Complaint.

The WHEREFORE clause does not contain allegations to which a response is required. To the extent a response is required, denied.

41.     Empower Brands incorporates by reference its responses to Paragraphs 1 through 22 as if fully set forth herein.

42.     Empower Brands is without knowledge or sufficient information to form a belief as to the truth of the allegations of Paragraph 42 of Plaintiff's Amended Complaint, and the same are therefore denied.

43.     Denied.

44.     Empower Brands specifically denies that the "Black+Decker" model ICR05X clothing iron was defective.  Empower Brands is without knowledge or sufficient information to form a belief as to the truth of the allegations of Paragraph 44 of Plaintiff's Amended Complaint, and the same are therefore denied.

45.     Empower Brands is without knowledge or sufficient information to form a belief as to the truth of the allegations of Paragraph 45 of Plaintiff's Amended Complaint, and the same are therefore denied.

46.     Empower Brands is without knowledge or sufficient information to form a belief as to the truth of the allegations of Paragraph 46 of Plaintiff's Amended Complaint, and the same are therefore denied.

47.     Empower Brands is without knowledge or sufficient information to form a belief as to the truth of the allegations of Paragraph 47 of Plaintiff's Amended Complaint, and the same are therefore denied.

48.     Empower Brands is without knowledge or sufficient information to form a belief as to the truth of the allegations of Paragraph 48 of Plaintiff's Amended Complaint, and the same are therefore denied.

The WHEREFORE clause does not contain allegations to which a response is required. To the extent a response is required, denied.

49.     Empower Brands incorporates by reference its responses to Paragraphs 1 through 22 of Plaintiff's Amended Complaint as if fully set forth herein.

50.     The allegations contained in Paragraph 50 call for a legal conclusion to which no response is required.  To the extent that a response is required, Empower Brands denies the allegations in Paragraph 50 of Plaintiff's Amended Complaint.

51.     The allegations contained in Paragraph 51 call for a legal conclusion to which no response is required.  To the extent that a response is required, Empower Brands denies the allegations in Paragraph 51 of Plaintiff's Amended Complaint.

52.     Empower Brands is without knowledge or sufficient information to form a belief as to the truth of the allegations of Paragraph 52 of Plaintiff's Amended Complaint, and the same are therefore denied.

53.     Empower Brands denies that the "Black+Decker" model ICR05X clothing iron

was defective, unmerchantable, unsuitable, unfit, and unreasonably dangerous condition at the time that it left the control of Empower Brands.  Empower Brands is without knowledge or sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 53 of Plaintiff's Amended Complaint, and the same are therefore denied.

54.     The allegations contained in Paragraph 54 call for a legal conclusion to which no response is required.  To the extent that a response is required, Empower Brands denies the allegations in Paragraph 54 of Plaintiff's Amended Complaint.

55.     Empower Brands denies that the "Black+Decker" model ICR05X clothing iron was defective or not of merchantable quality for any of the enumerated reasons at the time that it left the control of Empower Brands.  Empower Brands is without knowledge or sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 55 of Plaintiff's Amended Complaint, including subparts a, b, c, d, e, f, and g, and the same are therefore denied.

56.     Empower Brands denies that the "Black+Decker" model ICR05X clothing iron was defective, unmerchantable, unsuitable, unfit, or in an unreasonably dangerous condition at the time that it left the control of Empower Brands.  Empower Brands is without knowledge or sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 56 of Plaintiff's Amended Complaint, and the same are therefore denied.

57.     Empower Brands is without knowledge or sufficient information to form a belief as to the truth of the allegations of Paragraph 57 of Plaintiff's Amended Complaint, and the same are therefore denied.

58.     Empower Brands is without knowledge or sufficient information to form a belief as to the truth of the allegations of Paragraph 58 of Plaintiff's Amended Complaint, and the same

are therefore denied.

The Wherefore clause does not contain allegations to which a response is required. To the extent a response is required, denied.

## DEFENDANT EMPOWER BRANDS LLC'S AFFIRMATIVE AND OTHER DEFENSES

Empower Brands submits the following additional affirmative and other defenses. Empower Brands expressly reserves the right to assert other defenses if, among other things, the facts developed during discovery warrant amendment.

### FIRST DEFENSE

Plaintiff's claims are barred or limited by application of comparative fault principles and such comparative fault is sufficient to proportionately reduce or bar Plaintiff's recovery, as set forth in Florida Statute §768.81.

### SECOND DEFENSE

Plaintiff's damages herein were partially or totally caused by others, including non-parties and, therefore, Empower Brands asserts entitlement to the defenses and privileges set forth in Florida Statute § 768.81(3), with respect to apportionment of fault principles.

### THIRD DEFENSE

Plaintiff's claims are or may be barred on the ground that one or more persons other than Empower Brands, its agents, servants or employees, negligently, intentionally or otherwise wrongfully mishandled, misused, misapplied, abused or subjected to abnormal use, the product or the component parts of the product in question in this action, which mishandling, misuse, misapplication, abuse or abnormal use could not have been reasonably foreseen by Empower Brands.

## FOURTH DEFENSE

Plaintiff's own act(s) of negligence amount to a superseding cause that cuts off any causal connection between Empower Brands' alleged negligence, if any, and Plaintiff's damages, if any.

## FIFTH DEFENSE

Empower Brands' product was altered or modified from the condition in which it was sold and prior to Plaintiff's alleged incident, and thus Empower is not liable for any of Plaintiff's alleged damages.

## SIXTH DEFENSE

Plaintiff failed to mitigate her alleged damages, or alternatively, Plaintiff mitigated her damages, and therefore, her damages, if any, should be reduced accordingly.

## SEVENTH DEFENSE

Empower Brands affirmatively states that it is entitled to a set-off from any recovery against it to the extent of the value of all benefits and/or settlements paid or payable on behalf of Plaintiff and/or from any collateral source pursuant to Florida Statutes.

## EIGHTH DEFENSE

Plaintiff's claims are barred pursuant to Fla. Stat. § 768.1256 because at the time the product at issue in this litigation left the manufacturer's control, it complied with applicable codes, standards, regulations, and specifications established, adopted, promulgated, or approved by the United States or by Florida law, or by any agency of the United States or Florida. The product was reasonably fit, suitable, and safe for its intended purpose.

## NINTH DEFENSE

The subject product was designed, manufactured, and assembled in conformity with the

then-existing state of the art, and in conformity with all applicable industry standards and governmental regulations, and § 768.1257, Florida Statutes, applies.

### TENTH DEFENSE

Empower Brands affirmatively alleges that it satisfied any duty to warn based on manuals, labels, directions and product inserts.

### ELEVENTH DEFENSE

Empower Brands reserves the right to raise all defenses provided in sections 2, 4, and 6 of the Restatement (Third) of Torts: Product Liability, if the Court finds that it is applicable in this case.

### PRAYER FOR RELIEF

WHEREFORE, Empower Brands prays this Court for the following relief:

1.      That Plaintiff have and recover nothing of Empower Brands;

2.      That Plaintiff's Amended Complaint be dismissed with prejudice;

3.      That the costs of this action, including reasonable attorney's fees, to the extent permitted by law, be taxed against Plaintiff;

4.      For a trial by jury; and

5.      For such other and further relief as this Court may deem just and proper.


By:     /s/ *Samantha Duke*
DANIEL J. GERBER, ESQUIRE
F Florida Bar No. 0764957
E-mail:dgerber@rumberger.com (primary)
        docketingorlando@rumberger.com   and
        dgerbersecy@rumberger.com (secondary)
SAMANTHA C. DUKE, ESQUIRE
Florida Bar No. 0091403
E-mail:sduke@rumberger.com (primary)
        docketingorlando@rumberger.com   and

sdukesecy@rumberger.com (secondary)
RUMBERGERKIRK
300 South Orange Avenue
Suite 1400
Orlando, FL 32801
Phone: (407-872-7300)

and

Dixie T. Wells (to be admitted pro hac vice)
N.C. State Bar No. 26816
ELLIS & WINTERS LLP
P.O. Box 2752
Greensboro, NC 27402
Ph: (336) 217-4193
Fax: (336) 217-4198
dixie.wells@elliswinters.com

Counsel for Defendant Empower Brands, LLC

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true copy of the foregoing was served by e-Filing with the

Clerk of Court and via Florida e-Filing Portal to the following, this <u>19th</u> day of September, 2022.

> Mark T. B. Patterson, Esq.
> Morgan & Morgan, P.A.
> 20 North Orange Avenue, Suite 1600
> Orlando, Florida 32801
> Email:  mpatterson@forthepeople.com
> Secondary Email: taide@forthepeople.com
>
> Counsel for Plaintiff

> /s/ *Samantha Duke*
> DANIEL J. GERBER, ESQUIRE
> Florida Bar No. 0764957
> E-mail:dgerber@rumberger.com (primary)
>         docketingorlando@rumberger.com   and
>         dgerbersecy@rumberger.com (secondary)
> SAMANTHA C. DUKE, ESQUIRE
> Florida Bar No. 0091403
> E-mail:sduke@rumberger.com (primary)
>         docketingorlando@rumberger.com   and
>         sdukesecy@rumberger.com (secondary)
> RUMBERGERKIRK
> 300 South Orange Avenue
> Suite 1400
> Orlando, FL 32801
> Phone: (407-872-7300)
>
> and
>
> Dixie T. Wells (to be admitted pro hac vice)
> N.C. State Bar No. 26816
> ELLIS & WINTERS LLP
> P.O. Box 2752
> Greensboro, NC 27402
> Ph: (336) 217-4193
> Fax: (336) 217-4198
> dixie.wells@elliswinters.com
>
> Counsel for Defendant Empower Brands, LLC

17117315.v1

## IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

ANNETTE SYSEL,

     Plaintiff,

v.                                **Case No.: CACE-22-011055**

EMPOWER BRANDS, LLC and TARGET
CORPORATION,

     Defendants.

## DEFENDANT TARGET CORPORATION'S
## ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Target Corporation ("Target") by and through counsel, respectfully submits its Answer to Plaintiff's Amended Complaint as follows:

1.     Target is without knowledge or sufficient information to form a belief as to the truth of the allegations of Paragraph 1 of Plaintiff's Amended Complaint, and the same are therefore denied.

2.     Target is without knowledge or sufficient information to form a belief as to the truth of the allegations of Paragraph 2 of Plaintiff's Amended Complaint, and the same are therefore denied.

3.     Target is without knowledge or sufficient information to form a belief as to the truth of the allegations of Paragraph 3 of Plaintiff's Amended Complaint, and the same are therefore denied.

4.     Target is without knowledge or sufficient information to form a belief as to the truth of the allegations of Paragraph 4 of Plaintiff's Amended Complaint, and the same are therefore denied.

5.     Target admits it is a foreign corporation.

6.      Target admits it is registered with and authorized by the Florida Department of State to do business in Florida.

7.      Target admits it may be served with process by serving its registered agent:  CT Corporation System, 1200 S. Pine Island Road, Plantation, FL 33324.

8.      Target admits that Plaintiff seeks to assert an action to recover damages in excess of $30,000, exclusive of fees, costs, and interest. Target denies that Plaintiff is entitled to any damages.  Except as expressly admitted, Target denies the allegation in Paragraph 8 of Plaintiff's Amended Complaint.

9.      Target is without knowledge or sufficient information to form a belief as to the truth of the allegations of Paragraph 9 of Plaintiff's Amended Complaint, and the same are therefore denied.

10.      Target is without knowledge or sufficient information to form a belief as to the truth of the allegations of Paragraph 10 of Plaintiff's Amended Complaint, and the same are therefore denied.

11.      Target is without knowledge or sufficient information to form a belief as to the truth of the allegations of Paragraph 11 of Plaintiff's Amended Complaint, including subparts a, b, and c, and the same are therefore denied.

12.      Target admits that this Court is authorized to exercise personal jurisdiction over Defendant Target in this matter.  Except as expressly admitted, Target denies the allegations of Paragraph 12 of Plaintiff's Amended Complaint.

13.      The allegations in paragraph 13 of Plaintiff's Amended Complaint form a legal conclusion to which no response is required.  To the extent a response is required, Target denies the allegations contained in Paragraph 13 of Plaintiff's Amended Complaint.

14.     Target is without knowledge or sufficient information to form a belief as to the truth of the allegations of Paragraph 14 of Plaintiff's Amended Complaint, and the same are therefore denied.

15.     Target admits that it is in the business of and derives revenue from selling a consumer goods and appliances, including clothing irons.

16.     Target is without knowledge or sufficient information to form a belief as to the truth of the allegations of Paragraph 16 of Plaintiff's Amended Complaint, and the same are therefore denied.

17.     This allegation is directed to a different defendant and no response is required. To the extent a response is required, Target denies the allegations of Paragraph 17 of Plaintiff's Amended Complaint.

18.     Target is without knowledge or sufficient information to form a belief as to the truth of the allegations of Paragraph 18 of Plaintiff's Amended Complaint, and the same are therefore denied.

19.     Target is without knowledge or sufficient information to form a belief as to the truth of the allegations of Paragraph 19 of Plaintiff's Amended Complaint, and the same are therefore denied.

20.     Target is without knowledge or sufficient information to form a belief as to the truth of the allegations of Paragraph 20 of Plaintiff's Amended Complaint, and the same are therefore denied.

21.     Target is without knowledge or sufficient information to form a belief as to the truth of the allegations of Paragraph 21 of Plaintiff's Amended Complaint, and the same are therefore denied.

22.     The allegations contained in Paragraph 22 call for a legal conclusion to which no response is required.  To the extent that a response is required, Target denies the allegation in Paragraph 22 of Plaintiff's Amended Complaint.

23.     Target incorporates by reference its responses to Paragraphs 1 through 22 of Plaintiff's Amended Complaint as if fully set forth herein.

24.     This allegation is directed to a different defendant and no response is required. To the extent a response is required, Target denies the allegations of Paragraph 24 of Plaintiff's Amended Complaint.

25.     Denied.

26.     Target specifically denies that the "Black+Decker" model ICR05X clothing iron was defective.  Target denies the remaining allegations of Paragraph 26 of Plaintiff's Amended Complaint.

27.     Target specifically denies that the "Black+Decker" model ICR05X clothing iron was defective.  Target denies the remaining allegations of Paragraph 27 of Plaintiff's Amended Complaint.

The WHEREFORE clause does not contain allegations to which a response is required. To the extent a response is required, denied.

28.     Target incorporates by reference its responses to Paragraphs 1 through 22 of Plaintiff's Amended Complaint as if fully set forth herein.

29.     This allegation is directed to a different defendant and no response is required. To the extent a response is required, Target denies the allegations of Paragraph 29 of Plaintiff's Amended Complaint.

30.     Denied.

31.     This allegation is directed to a different defendant and no response is required. To the extent a response is required, Target denies the allegations of Paragraph 31 of Plaintiff's Amended Complaint.

32.     This allegation is directed to a different defendant and no response is required. To the extent a response is required, Target denies the allegations of Paragraph 32 of Plaintiff's Amended Complaint.

33.     This allegation is directed to a different defendant and no response is required. To the extent a response is required, Target denies the allegations of Paragraph 33 of Plaintiff's Amended Complaint.

34.     This allegation is directed to a different defendant and no response is required. To the extent a response is required, Target denies the allegations of Paragraph 34 of Plaintiff's Amended Complaint.

35.     This allegation is directed to a different defendant and no response is required. To the extent a response is required, Target denies the allegations of Paragraph 35 of Plaintiff's Amended Complaint.

The WHEREFORE clause does not contain allegations to which a response is required. To the extent a response is required, denied.

36.     Target incorporates by reference its responses to Paragraphs 1 through 22 of Plaintiff's Amended Complaint as though set forth at length herein.

37.     Target is without knowledge or sufficient information to form a belief as to the truth of the allegations of Paragraph 37 of Plaintiff's Amended Complaint, and the same are therefore denied.

38.     Denied.

5

39.     Target specifically denies that the "Black+Decker" model ICR05X clothing iron was defective.  Target denies the remaining allegations of Paragraph 39 of Plaintiff's Amended Complaint.

40.     Target specifically denies that the "Black+Decker" model ICR05X clothing iron was defective.  Target denies the remaining allegations of Paragraph 40 of Plaintiff's Amended Complaint.

The WHEREFORE clause does not contain allegations to which a response is required. To the extent a response is required, denied.

41.     Target incorporates by reference its responses to Paragraphs 1 through 22 as if fully set forth herein.

42.     Target is without knowledge or sufficient information to form a belief as to the truth of the allegations of Paragraph 42 of Plaintiff's Amended Complaint, and the same are therefore denied.

43.     Denied.

44.     Target specifically denies that the "Black+Decker" model ICR05X clothing iron was defective.  The allegations in paragraph 44 of Plaintiff's Amended Complaint form a legal conclusion to which no response is required.  To the extent a response is required, Target denies the allegations contained in Paragraph 44 of Plaintiff's Amended Complaint.

45.     The allegations contained in Paragraph 45 of Plaintiff's Amended Complaint call for a legal conclusion to which no response is required.  To the extent that a response is required, Target denies the allegations in Paragraph 45 of Plaintiff's Amended Complaint.

46.     The allegations contained in Paragraph 46 of Plaintiff's Amended Complaint call for a legal conclusion to which no response is required.  To the extent that a response is required,

Target denies the allegations in Paragraph 46 of Plaintiff's Amended Complaint.

47.     The allegations contained in Paragraph 47 of Plaintiff's Amended Complaint call for a legal conclusion to which no response is required.  To the extent that a response is required, Target denies the allegations in Paragraph 47 of Plaintiff's Amended Complaint.

48.     Denied.

The WHEREFORE clause does not contain allegations to which a response is required. To the extent a response is required, denied.

49.     Target incorporates by reference its responses to Paragraphs 1 through 22 of Plaintiff's Amended Complaint as if fully set forth herein.

50.     The allegations contained in Paragraph 50 call for a legal conclusion to which no response is required.  To the extent that a response is required, Target denies the allegations in Paragraph 50 of Plaintiff's Amended Complaint.

51.     The allegations contained in Paragraph 51 call for a legal conclusion to which no response is required.  To the extent that a response is required, Target denies the allegations in Paragraph 51 of Plaintiff's Amended Complaint.

52.     Target is without knowledge or sufficient information to form a belief as to the truth of the allegations of Paragraph 52 of Plaintiff's Amended Complaint, and the same are therefore denied.

53.     Target denies that the "Black+Decker" model ICR05X clothing iron was defective, unmerchantable, unsuitable, unfit, and unreasonably dangerous condition at the time that it left Target's possession.  Target denies the remaining allegations of Paragraph 53 of Plaintiff's Amended Complaint.

54.     The allegations contained in Paragraph 54 call for a legal conclusion to which no

response is required.  To the extent that a response is required, Target denies the allegations in Paragraph 54 of Plaintiff's Amended Complaint.

55.    Target denies that the "Black+Decker" model ICR05X clothing iron was defective or not of merchantable quality for any of the enumerated reasons at the time that it left the control of Target.  Target denies the remaining allegations of Paragraph 55 of Plaintiff's Amended Complaint, including subparts a, b, c, d, e, f, and g.

56.    Target denies that the "Black+Decker" model ICR05X clothing iron was defective, unmerchantable, unsuitable, unfit, or in an unreasonably dangerous condition at the time that it left the control of Target.  Target denies the remaining allegations of Paragraph 56 of Plaintiff's Amended Complaint.

57.    Denied.

58.    Denied.

The WHEREFORE clause does not contain allegations to which a response is required. To the extent a response is required, denied. .

## DEFENDANT TARGET CORPORATION'S AFFIRMATIVE AND OTHER DEFENSES

Target submits the following additional affirmative and other defenses.  Target expressly reserves the right to assert other defenses if, among other things, the facts developed during discovery warrant amendment.

## FIRST DEFENSE

Plaintiff's claims are barred or limited by application of comparative fault principles and such comparative fault is sufficient to proportionately reduce or bar Plaintiff's recovery, as set forth in Florida Statute §768.81.

## SECOND DEFENSE

Plaintiff's damages herein were partially or totally caused by others, including non-parties and, therefore, Target asserts entitlement to the defenses and privileges set forth in Florida Statute § 768.81(3), with respect to apportionment of fault principles.

## THIRD DEFENSE

Plaintiff's claims are or may be barred on the ground that one or more persons other than Target, its agents, servants or employees, negligently, intentionally or otherwise wrongfully mishandled, misused, misapplied, abused or subjected to abnormal use, the product or the component parts of the product in question in this action, which mishandling, misuse, misapplication, abuse or abnormal use could not have been reasonably foreseen by Target.

## FOURTH DEFENSE

Plaintiff's own act(s) of negligence amount to a superseding cause that cuts off any causal connection between Target's alleged negligence, if any, and Plaintiff's damages, if any.

## FIFTH DEFENSE

Target's product was altered or modified from the condition in which it was sold and prior to Plaintiff's alleged incident, and thus Target is not liable for any of Plaintiff's alleged damages.

## SIXTH DEFENSE

Plaintiff failed to mitigate her alleged damages, or alternatively, Plaintiff mitigated her damages, and therefore, her damages, if any, should be reduced accordingly.

## SEVENTH DEFENSE

Target affirmatively states that it is entitled to a set-off from any recovery against it to the extent of the value of all benefits and/or settlements paid or payable on behalf of Plaintiff and/or

from any collateral source pursuant to Florida Statutes.

## EIGHTH DEFENSE

Plaintiff's claims are barred pursuant to Fla. Stat. § 768.1256 because at the time the product at issue in this litigation left the manufacturer's control, it complied with applicable codes, standards, regulations, and specifications established, adopted, promulgated, or approved by the United States or by Florida law, or by any agency of the United States or Florida.  The product was reasonably fit, suitable, and safe for its intended purpose.

## NINTH DEFENSE

The subject product was designed, manufactured, and assembled in conformity with the then-existing state of the art, and in conformity with all applicable industry standards and governmental regulations, and § 768.1257, Florida Statutes, applies.

## TENTH DEFENSE

Target affirmatively alleges that it satisfied any duty to warn based on manuals, labels, directions and product inserts.

## ELEVENTH DEFENSE

Target reserves the right to raise all defenses provided in sections 2, 4, and 6 of the Restatement (Third) of Torts: Product Liability, if the Court finds that it is applicable in this case.

## PRAYER FOR RELIEF

WHEREFORE, Target prays this Court for the following relief:

1.      That Plaintiff have and recover nothing of Target;

2.      That Plaintiff's Amended Complaint be dismissed with prejudice;

3.      That the costs of this action, including reasonable attorney's fees, to the extent permitted by law, be taxed against Plaintiff;

10

4.      For a trial by jury; and

5.      For such other and further relief as this Court may deem just and proper.

                    By:     /s/ *Samantha Duke*
                            DANIEL J. GERBER, ESQUIRE
                            Florida Bar No.  0764957
                            E-mail: dgerber@rumberger.com (primary)
                                    docketingorlando@rumberger.com and
                                    dgerbersecy@rumberger.com (secondary)
                            SAMANTHA C. DUKE, ESQUIRE
                            Florida Bar No. 0091403
                            E-mail: sduke@rumberger.com (primary)
                                    docketingorlando@rumberger.com and
                                    sdukesecy@rumberger.com (secondary)
                            RUMBERGERKIRK
                            300 South Orange Avenue
                            Suite 1400
                            Orlando, FL 32801
                            Phone: (407-872-7300)

                            and

                            Dixie T. Wells (to be admitted pro hac vice)
                            N.C. State Bar No. 26816
                            ELLIS & WINTERS LLP
                            P.O. Box 2752
                            Greensboro, NC 27402
                            Ph: (336) 217-4193
                            Fax: (336) 217-4198
                            dixie.wells@elliswinters.com

                            Counsel for Target Corporation

11

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true copy of the foregoing was served by e-Filing with the

Clerk of Court and via Florida e-Filing Portal to the following, this 19th day of September, 2022.

Mark T. B. Patterson, Esq.
Morgan & Morgan, P.A.
20 North Orange Avenue, Suite 1600
Orlando, Florida 32801
Email: mpatterson@forthepeople.com
Secondary Email: taide@forthepeople.com
Counsel for Plaintiff

By:                    /s/ *Samantha Duke*
                       DANIEL J. GERBER, ESQUIRE
                       Florida Bar No. 0764957
                       E-mail:dgerber@rumberger.com (primary)
                               docketingorlando@rumberger.com   and
                               dgerbersecy@rumberger.com (secondary)
                       SAMANTHA C. DUKE, ESQUIRE
                       Florida Bar No. 0091403
                       E-mail:sduke@rumberger.com (primary)
                               docketingorlando@rumberger.com   and
                               sdukesecy@rumberger.com (secondary)
                       RUMBERGERKIRK
                       300 South Orange Avenue
                       Suite 1400
                       Orlando, FL 32801
                       Phone: (407-872-7300)

                               and

                       Dixie T. Wells (to be admitted pro hac vice)
                       N.C. State Bar No. 26816
                       ELLIS & WINTERS LLP
                       P.O. Box 2752
                       Greensboro, NC 27402
                       Ph: (336) 217-4193
                       Fax: (336) 217-4198
                       dixie.wells@elliswinters.com

                       Counsel for Defendant Target Corporation

17117320.v1