**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 22-cv-62385-SINGHAL/DAMIAN

ANNETTE SYSEL,

    Plaintiff,
v.

EMPOWER BRANDS, LLC, and
TARGET CORPORATION,

    Defendants.
_____/

**REPORT AND RECOMMENDATION ON**
**PLAINTIFF'S MOTION TO REMAND [ECF NO. 16]**

THIS CAUSE is before the Court on Plaintiff, Annette Sysel's ("Plaintiff"), Motion to Remand, filed January 12, 2023 [ECF No. 16] ("Motion"). The Motion was referred to the undersigned by the Honorable Raag Singhal, United States District Judge, for a Report and Recommendation. [ECF No. 19]. *See* 28 U.S.C. § 636(b)(1)(B).

The undersigned has reviewed the parties' memoranda [ECF Nos. 16, 17, and 18], the pertinent portions of the record, and all relevant authorities and is otherwise fully advised in the premises. Plaintiff requests the Court remand this case on grounds Defendants failed to carry their burden of demonstrating the amount in controversy exceeds $75,000, as required by 28 U.S.C. § 1332. For the reasons set forth below, the undersigned agrees and therefore recommends that the Motion be granted and that this case be remanded to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.

I. BACKGROUND

This action arises out of injuries Plaintiff allegedly sustained while using a clothing iron (the "subject iron"), which was designed, manufactured, assembled, and distributed by Defendant Empower Brands, LLC, and sold by Defendant Target Corporation (collectively, "Defendants"). *See generally* Am. Compl. [ECF No. 1-2] at pp. 52–60. According to the allegations in the operative pleading, after Plaintiff finished using the iron and unplugged it, "[s]uddenly, and without Plaintiff pressing the subject iron's cord retractor button, the subject iron's cord rapidly and violently retracted into the subject iron's housing" and "struck Plaintiff's eye." *Id.* ¶¶ 18–21.

On July 27, 2022, Plaintiff filed a Complaint against Defendants in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida (the "State Court"), asserting claims of strict liability, negligence, and breach of implied warranty of merchantability. [ECF No. 1-2] at pp. 24–35.[1] Plaintiff filed an Amended Complaint on August 8, 2022. *See* Notice of Removal [ECF No. 1] ¶ 3.

The Amended Complaint does not allege a specified amount of damages, but instead includes a general statement that it is an action to recover damages in excess of $30,000, exclusive of fees, costs, and interest, sufficient to satisfy the jurisdictional limits of Florida's circuit courts. Am. Compl. ¶ 8. In each count, Plaintiff demands damages "whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, [and] non-economic damages," and Plaintiff also seeks

---

[1] The Complaint was originally filed against Spectrum Brands, Inc., Spectrum Brands Holdings, Inc., and Target. [ECF No. 1-2], at pp. 6–17. According to the Notice of Removal, Defendant Empower Brands is a wholly-owned subsidiary of Spectrum Brands, Inc., which in turn is a wholly-owned subsidiary of Spectrum Brands Holdings, Inc. *See* [ECF No. 1, at ¶ 2].

2

damages for mental anguish, emotional distress, and pain and suffering, in addition to costs and interest. *Id.* at pp. 4–9.

On September 19, 2022, Defendant Empower Brands served its First Set of Requests for Admissions, among other discovery requests, on Plaintiff. *See* Notice of Removal ¶ 5. On November 21, 2022, Plaintiff served a Notice of Service of Objections and Answers to the discovery requests. *Id.* ¶ 7. In one request for admission, Plaintiff was asked to admit that she "[s]eeks recovery in this lawsuit of total damages in an amount in excess of $75,000, exclusive of interest and costs." [ECF No. 1-5, at 5]. Plaintiff objected to this request and responded, in relevant part: "At this time, Plaintiff is unable to admit or deny that the recovery or 'total damages' at issue in this case exceed $75,000, as there is a factual dispute concerning the amount of damages at issue in this case." *Id.*

Soon thereafter, on December 20, 2022, Defendants timely removed the case to this Court pursuant to 28 U.S.C. § 1441(a), on the basis of diversity jurisdiction under 28 U.S.C. § 1332. *See* Notice of Removal ¶ 14. In the Notice of Removal, Defendants allege the amount in controversy exceeds $75,000 based on: (1) Plaintiff's past medical bills totaling approximately $37,000 and medical records indicating continuous medical treatment to Plaintiff's left eye, including surgery to her left eye; (2) Plaintiff's steadily decreasing adjusted gross income in the three years following the alleged incident; and (3) Plaintiff's statement in the medical records that it was hard for her to work after the alleged incident. *Id.* ¶¶ 25–26. Additionally, Defendants assert that Plaintiff's "refusals to stipulate or admit that she is not seeking damages in excess of the requisite [jurisdictional] amount, enable[s] the court to use judicial experience and common sense [to find] that Plaintiff's damages exceed $75,000." *Id.* ¶ 24.

## II. THE PARTIES' ARGUMENTS

On January 12, 2023, Plaintiff filed the Motion to Remand now before the Court arguing that Defendants have failed to carry their burden of establishing that the amount in controversy exceeds $75,000.[2] [ECF No. 16]. In the Motion, Plaintiff argues that while her "$37,000 in past medical costs certainly count toward the amount in controversy, there is no evidence in the record to allow the Court to conclude that Plaintiff seeks more than $38,000 in other types of damages." *Id.* at 4. As for lost wages, Plaintiff argues Defendants failed to produce any evidence demonstrating that Plaintiff's yearly income decreased because of Plaintiff's eye injury and, if so, how much of such losses is attributable to her injury. *Id.* Additionally, Plaintiff asserts that Defendants failed to offer affidavits, declarations, deposition transcripts, or any other discovery documents speaking to the value of Plaintiff's other categories of damages, including pain and suffering. *Id.* at 5.

Plaintiff also distinguishes the jury verdicts in cases proffered by Defendants in the Notice of Removal by arguing that the cases relied upon by Defendants involve catastrophic injuries, like partial or complete blindness in one or both eyes, whereas, here, Plaintiff alleges she sustained non-catastrophic injuries, including redness, pain, and blurry vision. *Id.* at 5–6. According to Plaintiff, past jury verdicts in cases involving plaintiffs who sustained injuries similar to Plaintiff's include awards ranging from $2,000 to $16,000 for pain and suffering. *Id.* at 7. And, as for Plaintiff's refusal to admit that she does not seek more than $75,000 in damages, Plaintiff asserts that pursuant to Eleventh Circuit precedent, a plaintiff's refusal to stipulate to the amount in controversy, standing alone, is insufficient to establish the amount in controversy. *Id.*

---

[2] Plaintiff does not dispute that the parties are completely diverse. *See* Mot. at 3, n.1.

In their Response, Defendants counter that "the record is replete with evidence that informs a common sense conclusion that the amount in controversy requirement is satisfied." [ECF No. 17, at 3]. As support, Defendants point to three items: (1) Plaintiff's medical records indicating repeated medical treatment for her left eye and an impact on Plaintiff's ability to perform her job function; (2) Plaintiff's verified responses to interrogatories stating that she seeks damages for lost income and earning capacity as a result of the incident and that her injuries are "permanent and continuing in nature"; and (3) Plaintiff's request for relief in the Amended Complaint. According to Defendants, the amount in controversy in this case "clearly exceeds $75,000" based on "Plaintiff's own allegations, Plaintiff's responses to Defendant's discovery requests, and reasonable inferences from those, in addition to the $37,000 in medical expenses already incurred," as well as Plaintiff's demand for damages for lost income and lost earning capacity, consequential damages, and damages for mental anguish, emotional distress, and pain and suffering. *Id.* at 6.

In her Reply, Plaintiff maintains that while Defendants produced evidence showing Plaintiff incurred $37,000 in past medical costs, Defendants have "no evidence speaking to the value of other types of damages Plaintiff seeks in this case, including lost wages and pain and suffering." [ECF No. 18], at 1.

The parties' arguments are addressed below.

### III. APPLICABLE LEGAL STANDARDS

It is axiomatic that federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). "The jurisdiction of a court over the subject matter of a claim invokes the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the

parties." *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1000 (11th Cir. 1982). Subject matter jurisdiction pursuant to 28 U.S.C. § 1332 exists when there is complete diversity of citizenship among the parties, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

A defendant is permitted to remove a case from state court to federal court if the case could have been brought in federal court in the first instance. *See* 28 U.S.C. § 1441.[3] As the removing party, the defendant shoulders the "heavy burden" of establishing federal subject matter jurisdiction. *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998). Federal courts construe removal statutes strictly, and "all doubts regarding jurisdiction are resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

To determine whether a defendant has carried its burden of establishing federal subject matter jurisdiction upon removal, "a court first examines whether it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006) (citation

---

[3] The procedure for removal of civil actions is set forth in 28 U.S.C. § 1446, and it imposes strict time limitations. Where, as here, "the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). As defined by the statute, "other paper" includes "information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery." 28 U.S.C. § 1446(c)(3)(A). "Courts have held that responses to request[s] for admissions, settlement offers, and other correspondence between parties can be 'other paper' under 28 U.S.C. § 1446(b)." *Wilson v. Target Corp.*, No. 10-80451-CIV, 2010 WL 3632794, at *2 (S.D. Fla. Sept. 14, 2010) (citing *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1212 n. 62 (11th Cir. 2007); *Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 761–62 (5th Cir. 2000); *Wilson v. General Motors Corp.*, 888 F.2d 779, 780 (11th Cir. 1989)). Here, Defendants assert they first ascertained that the case was removable based on Plaintiff's responses to discovery requests and timely removed thereafter. *See* Notice of Removal at ¶ 8. Plaintiff does not challenge the timeliness of the removal.

omitted), *abrogated on other grounds by Dudley v. Eli Lilly & Co.*, 778 F.3d 909 (11th Cir. 2014). "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdiction requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010) (citations omitted). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id.* at 754 (citing *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)).

"[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Id.* at 753–54 (citations omitted). Although the Court may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations," *id.*, as well as rely on judicial "experience and common sense," *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010), in determining whether the amount in controversy is met, it may not speculate as to the amount. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1215 (11th Cir. 2007).

IV. **DISCUSSION**

With these standards in mind, the undersigned considers whether Defendants have carried their burden of demonstrating diversity jurisdiction in this matter. The parties do not dispute that complete diversity of citizenship exists. Thus, the only issue before the Court is whether Defendants have met their burden of demonstrating by a preponderance of the evidence the jurisdictional amount in controversy. As discussed below, the undersigned finds that they have not.

### A. The Amount In Controversy Is Not Facially Apparent From The Amended Complaint

The undersigned first examines whether the jurisdictional amount is apparent from the face of the operative pleading. *See Pretka*, 608 F.3d at 754. As noted above, the Amended Complaint includes a general statement that the amount in controversy exceeds the minimum state circuit court jurisdictional threshold of $30,000. Am. Compl. at ¶ 8. Although Plaintiff seeks actual damages, consequential damages, economic damages, and non-economic damages, including mental anguish, emotional distress, and pain and suffering, she does not allege what amount she seeks to recover for any of these categories of damages. Thus, the undersigned finds that the value of the relief Plaintiff seeks is not "sufficiently measurable and certain," but rather is speculative and difficult to ascertain from the face of the Amended Complaint. *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1316 (11th Cir. 2014).

Therefore, the undersigned considers the Notice of Removal and the evidence proffered by Defendants in support of removal.

### B. Defendants Have Not Proffered Sufficient Evidence To Demonstrate The Jurisdictional Amount In Controversy

Where, as here, the amount in controversy is not apparent from the face of the Amended Complaint, "'the district court is not bound by the plaintiff's representations regarding [her] claim,' and may review the record for evidence relevant to the amount in controversy." *DO Restaurants, Inc. v. Aspen Specialty Ins. Co.*, 984 F. Supp. 2d 1342, 1344 (S.D. Fla. 2013) (Scola, J.) (quoting *Roe*, 613 F.3d at 1061). Therefore, the Court reviews "a wide range of evidence" to determine if the jurisdictional amount was satisfied at the time of removal, including "affidavits, declarations, or other documentation." *Pretka*, 608 F.3d at 755.

There is no dispute that Plaintiff seeks to recover approximately $37,000 in medical costs that she claims arose from the alleged incident, including from surgery to her left eye in July 2021. *See* Notice of Removal, at ¶ 21; Mot. at 4. Therefore, to satisfy the requisite amount in controversy, Defendants must point to evidence demonstrating that an additional $38,001 "will be put at issue during the litigation." *S. Fla. Wellness*, 745 F.3d at 1315.

Defendants first point to Plaintiff's medical records, which indicate that Plaintiff continuously sought medical treatment for redness, pain, aching, and blurry vision to her left eye. *See* Resp. at 3–4. These medical records do not, however, provide an estimate of Plaintiff's future medical costs, much less indicate that Plaintiff will require future medical care due to the alleged incident. *See* [ECF Nos. 17-1 through 17-7]. Rather, a review of the medical records reveals that Plaintiff appears to have issues with both eyes and that her chief complaint is vision problems due, in part, to cataract formation. *Id.* Notably, a treatment note from August 2020 indicates that Plaintiff experienced trauma to her left eye in 2018, following the alleged incident, and a treating doctor opined that she "did not believe [the trauma] was the cause of [Plaintiff's] problem." [ECF No. 17-2]. Plaintiff's most recent medical note, from August 2022, indicates that she deferred further testing into her vision problems and that she was advised "to follow-up as needed." [ECF No. 17-7].

Citing *La Rocca v. Stahlheber*, 676 F. Supp. 2d 1347, 1349–50 (S.D. Fla. 2009), Defendants argue in response that Plaintiff's medical records support a finding that the amount in controversy exceeds the jurisdictional minimum. Resp. at 5. In *La Rocca*, the defendant pointed to a pre-suit demand package that included medical reports from two doctors which included estimates of the plaintiff's future medical bills related to the alleged accident. 676 F. Supp. 2d at 1349. Here, there is no such evidence from which the Court can ascertain Plaintiff's future medical expenses, if any. *See, e.g.*, *Nelson v. Black & Decker (U.S.)*,

9

*Inc.*, No. 16-cv-869, 2015 WL 12259228, at *3 (M.D. Fla. Aug. 31, 2015) (remanding case where past medical damages were over $55,000 and the plaintiff made a pre-suit demand of $100,000, but no information was provided with respect to the amount of future medical costs or pain and suffering).

Defendants also point to Plaintiff's interrogatory response in which she states that her injuries are "permanent and continuing in nature." Resp. at 5 (citing ECF No. 1-3). Such conclusory allegations of Plaintiff's injuries are insufficient to establish the amount in controversy. *See Lozott v. Knight*, No. 20-14288-CV, 2020 WL 13389308, at *2 (S.D. Fla. Oct. 29, 2020) (Middlebrooks, J.) (citing *Williams*, 269 F.3d at 1320 (stating that it was not facially apparent from the complaint that the jurisdictional minimum was met despite its allegations of permanent physical and mental injuries, substantial medical expenses, lost wages, and diminished earning capacity)); *see also Sibilia v. Makita Corp.*, 674 F. Supp. 2d 1290, 1292–93 (M.D. Fla. 2009) (finding insufficient and rejecting as "mere speculation" the defendant's contention that "the severe nature of [p]laintiff's injuries and the damages [p]laintiff seeks[ ] make it clear that [p]laintiff's damages exceeds $75,000").

Defendants also argue that the jurisdictional threshold of $75,000 is demonstrated by Plaintiff's request for relief in the Amended Complaint, in which she seeks actual damages, consequential damages, economic damages, and non-economic damages for mental anguish, emotional distress, and pain and suffering. Resp. at 5. Defendants assert these categories of damages, coupled with the $37,000 in past medical expenses, support a "common sense conclusion" that the amount in controversy requirement is met. *Id.*

With regard to consequential damages, Defendants cite decreases in Plaintiff's adjusted gross income ("AGI"). In the Notice of Removal, Defendants claim, based on Plaintiff's income tax returns, that "Plaintiff's AGI decreased each year, by larger amounts

in the three years (2019–2021) after the alleged incident." Notice of Removal ¶ 22. However, a review of the income tax returns shows that, from 2019 to 2020, Plaintiff's AGI decreased by $9,502 (from $97,423 to $87,921), and in 2021, her AGI decreased by less than half of the prior year's decrease—$3,350 (from $87,921 to $84,571). [ECF No. 1-6]. And, as Plaintiff points out in the Motion, Defendants offer no basis from which to discern whether such decreases are attributable, in whole or in part, to Plaintiff's injury at issue in this case. The undersigned notes that Defendants do not pursue this theory in their Response and make no mention of Plaintiff's AGI calculation. Assuming, *arguendo*, that Plaintiff were to recover lost wages during the three years following the alleged incident, based on Plaintiff's $90,000 yearly salary, such losses would total, at most, $7,508. This amount, in addition to the $37,000 in past medical costs, falls short of the jurisdictional threshold.[4]

As for the valuation of all other relief Plaintiff seeks in her Amended Complaint, including non-economic damages relating to mental anguish and pain and suffering, Defendants provide no factual evidence to demonstrate that the estimated value of these damages will exceed the $38,001 needed. *See Briano v. Walgreen Co.*, No. 09-81300, 2010 WL 11601147, at *4 (S.D. Fla. Apr. 19, 2010) (Rosenbaum, J.) ("The lack of any evidence to support [the removing defendant's] assertions regarding the value of [the plaintiff's] requested relief gives the Court no way to ascertain a reasonable assessment in calculating the amount in controversy in this case, barring mere speculation. And, while the amount

---

[4] Although Plaintiff's income tax returns from 2019 to 2021 indicate that her average yearly income totaled $89,972, the undersigned calculates the lost wages figure using the $90,000 yearly salary proffered by Defendants in their Notice of Removal. In 2019, Plaintiff earned over $90,000, and, therefore, a lost wages claim is not supported based on the evidence before the Court. In 2020, Plaintiff's AGI was below $90,000, so, arguably, she might be able to recover $2,079, and in 2021, she was also under by $5,429. These calculations, of course, assume Plaintiff's yearly salary remained at $90,000 and did not increase. In any event, they do not bring the potential lost wages claim close to the $38,001 amount needed.

could exceed $75,000, this Court cannot find that it is 'evident' from the pleadings and the evidence submitted by [the defendant] that the amount in controversy does satisfy this threshold.") (citations omitted).

At this stage, the Court will not assess the seriousness of Plaintiff's alleged injury to her eye and resulting complications but is only concerned with whether Defendants have demonstrated that her resulting damages meet the jurisdictional threshold. In doing so, the Court may not engage in guesswork as to whether the damages meet that threshold. *See id.* (citing *Lowery*, 483 F.3d at 1214–15). Moreover, this is not the type of case where the plaintiff's acknowledged damages are so close to the jurisdictional threshold that the court may properly exercise its judicial experience and common sense to determine that the amount in controversy is sufficient. *Cf. Morse v. Home Depot U.S.A., Inc.*, No. 9:18-CV-81011, 2018 WL 9708603, at *1 (S.D. Fla. Sept. 20, 2018) (Rosenberg, J.) (denying motion to remand in light of the acknowledged $69,996.55 in medical bills, combined with the plaintiff's damages for his "pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, ... loss of earnings, loss of ability to earn money and aggravation of a previously existing condition, disease or physical defect").

Although, as Defendants point out, "judicial experience and common sense" may support "reasonable inferences" drawn "from the pleadings" to determine whether "the case stated in [the] complaint meets federal jurisdictional requirements, *Roe*, 613 F.3d at 1061, "nothing . . . permits [a] court to indulge in speculation or fill empty gaps in a plaintiff's factual averments with unfounded assumptions about what the evidence may show." *Goldstein v. GFS Mkt. Realty Four, LLC*, No. 16-60956, 2016 WL 5215024, at *6 (S.D. Fla. Sept. 21, 2016) (Gayles, J.) (citation omitted); *see also S. Fla. Wellness*, 745 F.3d at 1316

(noting that "conjecture, speculation, or star gazing" are inappropriate in analyzing the amount in controversy) (citing *Pretka*, 608 F.3d at 754).

The undersigned has also considered Defendants' assertion that Plaintiff's refusal to deny or stipulate that her claims do not exceed $75,000 provides a reasonable basis for the Court to find that Plaintiff will seek the requisite jurisdictional amount in damages. Resp. at 6–7. While Plaintiff has been somewhat elusive regarding the amount in controversy in her discovery responses, the Eleventh Circuit has recognized that "[t]here are several reasons why a plaintiff would not so stipulate, and a refusal to stipulate standing alone does not satisfy [Defendants'] burden of proof on the jurisdictional issue." *Williams*, 269 F.3d at 1320; *see also Briano*, 2010 WL 11601147, at *5 ("A plaintiff bears no burden to show that removal is not proper; instead, [the d]efendant must come forward with evidence that makes it 'readily deducible' that more than $75,000 is in controversy." (quoting *Lowery*, 483 F.3d at 1211)). Thus, the undersigned finds that Plaintiff's refusal to admit or deny that her claims exceed $75,000 does not satisfy Defendants' jurisdictional burden.

## V. CONCLUSION

Based on the foregoing, and in light of the Eleventh Circuit's directive that "[a]ny doubts about the propriety of federal jurisdiction should be resolved in favor of remand to state court[,]" *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008), the undersigned finds that Defendants have failed to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Therefore, the Court lacks subject matter jurisdiction, and Plaintiff's Motion to Remand should be granted.

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that Plaintiff's Motion to Remand [ECF No. 16] be **GRANTED**, the case be **REMANDED** to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, all pending motions be **DENIED AS MOOT**, and the case be **CLOSED**.

The parties will have fourteen (14) days from the date of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Raag Singhal, United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 19th day of July, 2023.

MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
Raag Singhal, *U.S. District Judge*
Counsel of Record